# MATHILDA FITZGIBBONS v. MRS. HOVEY C. CLARKE AND ANOTHER.[1]

April 28, 1939.

No. 32,017.

*G. P. Mahoney* and *John S. Morrison,* for relators.
*Russell G. Shepley,* for respondent.

LORING, JUSTICE.

*Certiorari* to review an order of the industrial commission awarding compensation and medical and hospital benefits.

The single question is whether the injury suffered by the employe arose out of and in the course of the employment.

Petitioner, Mathilda Fitzgibbons, was employed as a domestic servant and personal attendant in the residence of her employer, Mrs. Hovey C. Clarke, at 510 Groveland Avenue, Minneapolis. In December, 1937, petitioner injured her hand while washing some clothes. There is no dispute that the injury occurred in the course of the employment. Upon instruction from the nurse who cared for Mrs. Clarke and who gave petitioner her orders, and also from the family, she visited a doctor for medical attention. Pursuant to

[1]Reported in 285 N. W. 528.

an appointment made by the nurse, petitioner went to a physician in downtown Minneapolis where she received treatment.

In February, 1938, the injury was aggravated when the scab was accidentally brushed off. Again the evidence traces direction back to the employer to obtain medical aid. Thereafter petitioner visited the doctor for treatment on several occasions. On March 10, 1938, after a visit to the doctor, petitioner returned to the vicinity of her employment on the streetcar. After getting off and while walking toward 510 Groveland Avenue, she slipped on a piece of ice and fractured her shoulder. As a consequence she was disabled for a period of 15 weeks and sustained a ten per cent permanent loss of the use of her arm. At the time of the injury petitioner was returning to relieve the nurse from duty. The referee awarded compensation, and this was affirmed on appeal to the industrial commission by a majority of its members.

We think the industrial commission reached the correct conclusion. The initial injury occurred in the course of the employment. Obviously medical attention was necessary to restore the use of the hand. The directions of the employer were sufficiently comprehensive to embrace procuring all the attention necessary to heal the hand. It was to the employer's interest as much as to the employe's to procure the necessary and proper treatment. The fracture occurred when petitioner was journeying to the residence of her employer to go to work after receiving treatment as directed.

The trips to the physician were made mandatory by the initial injury. This injury, in the course of the employment, was such that proper care of it exposed petitioner to the hazards of the streets in seeking medical attention.

"It is not essential that the accident, to arise out of the employment, be one the risk of which is limited or peculiar to the employment or confined to a special class." Johnston v. W. S. Nott Co. 183 Minn. 309, 312, 236 N. W. 466, 467.

The evidence sufficiently establishes that the injury arose out of the course of the employment. Cases elsewhere on substantially identical facts have reached the same result. In re Goldberg v.

954 Marcy Corp. 276 N. Y. 313, 12 N. E. (2d) 311; Corbett v. Nash Engineering Co. 8 Conn. W. C. D. 285; In re Huhn v. Gehnrich I. H. O. Co. Inc. 250 N. Y. 568, 166 N. E. 327; *contra,* Farmers Gin Co. v. Cooper, 147 Okl. 29, 294 P. 108.

The order of the industrial commission is affirmed.

Mr. Justice Hilton, incapacitated by illness, took no part.