### OLGA C. PEDERSEN v. MAPLE ISLAND INC. AND ANOTHER.

97 N. W. (2d) 285.

June 5, 1959—No. 37,628.

*Edgar S. Young* and *James R. McClure,* for relators.
*Winston E. Sandeen* and *Searle R. Sandeen,* for respondent.

DELL, CHIEF JUSTICE.

Certiorari to review a decision of the Industrial Commission affirming a referee's award to respondent under the Workmen's Compensation Act.

22

Decedent, respondent's husband, was an employee of relator Maple Island Inc. of Stillwater. He worked a 5½-day week. By virtue of an injury arising out of and in the course of his employment, decedent required surgery to his right elbow, following which he was temporarily and totally disabled. After he returned to work decedent continued to receive medical treatment from a physician who lived in Bayport and was designated by the employer. All the medical expenses incurred in relation to this injury were paid by the employer and its insurer. In addition decedent also received compensation during the period of his temporary total disability. On Saturday, April 6, 1957, he received permission to leave work at 10:30 a. m. in order to receive further treatment of his elbow. Since the employer's work-hours ended at noon that day, decedent was told by the employer that he would not have to return after being treated. He provided his own transportation to the doctor's office in Bayport. About 12 noon, after the treatment, he left Bayport and, while taking the most direct route back to Stillwater where he lived, was involved in an automobile collision. The injuries sustained in the accident subsequently brought about his death.

Respondent seeks to recover benefits under the Workmen's Compensation Act for herself and her minor children together with the hospital, medical, and funeral expenses incurred incident to her late husband's death. If the collision arose out of and in the course of his employment, respondent is entitled to recover.

Fitzgibbons v. Clarke, 205 Minn. 235, 285 N. W. 528, laid down the rule that workmen's compensation is allowable in cases where an employee is injured while procuring medical treatment for an injury which arose out of and in the course of his employment. The sole relevant distinction between that case and the instant case is that there the injury occurred at a time when the employee was returning to her place of employment whereas here decedent was on his way home. To make this single factor the basis for a contrary result in this case would unduly strain the requirement that workmen's compenstion statutes be given a broad, liberal construction in the interests of the workmen.[1] Having sustained an injury which arose out of and in the course

---

[1]See, Kolbeck v. Myhra, 255 Minn. 341, 96 N. W. (2d) 633; Koktavy v. City of New Prague, 246 Minn. 550, 75 N. W. (2d) 774.

of his employment and for which medical care was necessary, decedent was required to go to Bayport for treatment. If he had been told to go after working hours, it is clear that he would be entitled to the protection of the statute until he reached home.[2] In this case, however, the facts are even stronger since decedent left, not after work, but on company time. It would have been useless for him to return to his employer's place of business which was already closed. He chose, therefore, to return to his own home by the most direct available route and we think he was entitled to the protection of the statute until he got there.[3] If he had, in fact, taken an indirect route or made any unnecessary stopovers for wholly personal business, we would have to take those factors into consideration. This, however, is not such a case and it will be time enough to consider those problems when other cases with the appropriate fact situations arise. The respondent is awarded attorneys' fees in the sum of $250.

Affirmed.

---

[2]Reese v. National Surety Co. 162 Minn. 493, 203 N. W. 442.

[3]See, Matter of John v. Fairmont Creamery Co. 268 App. Div. 840, 50 N. Y. S. (2d) 253.