PAUL THIBAULT v. GERALD BOSTROM AND OTHERS. LIBERTY MUTUAL INSURANCE COMPANY, APPELLANT.

134 N. W. (2d) 308.

April 2, 1965—No. 39,441.

*Stearns, Kampmeyer & Efron, Harry S. Stearns, Jr.,* and *James M. Goetteman,* for appellant.

*Scholle, Schweiger & Kalina, Vernon J. Schweiger,* and *Gerald D. Hegstrom,* for plaintiff respondent.

*Meagher, Geer, Markham & Anderson, Roderick D. Blanchard,* and *O. C. Adamson II,* for defendant respondents.

SHERAN, JUSTICE.

Appeal by Liberty Mutual Insurance Company (hereinafter called Liberty) from an order of the district court denying its intervention application.[1]

Liberty became interested in this action by Thibault against Bostrom and others for damage caused in an April 2, 1960, automobile accident when it paid a substantial sum to Thibault as workmen's compensation because of the injury he sustained. It was obliged to make payment of compensation only because Thibault, when hurt, was homebound following medical treatment for a job-connected injury suffered by him in 1951 while working for a Liberty-insured employer.

The duty of the employer-insurer to make compensation payments in such a situation is imposed by Fitzgibbons v. Clarke, 205 Minn. 235, 285 N. W. 528, and Pedersen v. Maple Island Inc. 256 Minn. 21, 97 N. W. (2d) 285.

Thibault's contention, accepted by the trial court, is that payments of workmen's compensation generate subrogation rights against a third party at fault only when the tort caused the initial compensable injury. This, he reasons, is the rule of McGough v. McCarthy Improvement Co. 206 Minn. 1, 287 N. W. 857. And there are expressions in that decision which seem to sustain him.

If Thibault had been in the course of Liberty-insured employment at the time of the April 2, 1960, accident, the statutory right of subrogation to recoup compensation payments made necessary by the accident would be clear. It is because Thibault's 1960 injury did not originate in his employment and the compensation for which Liberty seeks recovery was paid only because of decisions of this court extending compensation protection to an employee while traveling from the

---

[1]Although an order denying a motion to intervene in the exercise of the trial court's discretionary power is not appealable, Miller v. Market Men's Mutual Ins. Co. 262 Minn. 509, 115 N. W. (2d) 266, the order of the trial judge denying Liberty's motion to intervene in this case appears to have been based on the ground that Liberty had no protectable interest in the litigation and, so considered, it was as to Liberty a final order. See, Cunningham, *Appealable Orders in Minnesota,* 37 Minn. L. Rev. 309, 328.

office of a physician treating a compensable injury that we are now urged that recoupment should be denied.

If this is the law, then the more obscure and remote the basis of the employer-insurer's responsibility to the employee, the less is the chance to secure reimbursement from the third-party tortfeasor.

Viewed in another way: If Thibault had been in the course of his employment with the Liberty-insured employer at the time of the April 2, 1960, accident and had sustained no previous compensable injury, he would not be allowed a double recovery. This is undisputed. But, we are in effect told, since his right to recover compensation has been extended by judicial interpretation to apply to nonemployment events occurring after a compensable injury (in this case, after a lapse of over 8 years), the employee is entitled to collect the workmen's compensation benefits and then to sue the third-party tortfeasor for the same damage free of subrogation or reimbursement rights in the employer-insurer.

If this is the law, the more tenuous claim attracts the more bountiful remedy.

Before we are led to a result seemingly so unreasonable through unquestioning adherence to the language of the McGough case, a close examination of it seems needed.

The situation there was this: McGough was hurt on June 22, 1934, because of a work-connected accident. Compensation was paid to him in an amount made greater because of a protracted healing period and a serious permanent disability due to poor care on the part of the employer-selected physicians. The employee recovered $1,500 in settlement of a malpractice action brought by him against the doctors. The employer-insurer, who had not participated in the proceedings resulting in the settlement, petitioned the Industrial Commission to have the net recovery applied as a credit against compensation payable by it. The commission refused to grant the requested relief. This court, in affirming the Industrial Commission, stated (206 Minn. 9, 287 N. W. 861): "* * * responsibility for malpractice rests on the employer * * * because it is an incident to the relationship and as such a part of the liability for which the act contemplates an award." And later

(206 Minn. 11, 287 N. W. 862), "* * * we should not * * * defeat the present respondent from retaining the meager benefits derived from the malpracticing doctors selected for him by his employer."

The applicable provisions of the Workmen's Compensation Act then in force, Mason St. 1927, § 4291(2), read as follows:

"Where an injury * * * is caused under circumstances *also* creating a legal liability for damages on the part of any party other than the employer, * * * legal proceedings may be taken by the employee * * * and [if] a judgment is obtained and paid or settlement is made with such other party either with or without suit, the employer shall be entitled to deduct from the compensation payable by him, the amount actually received by such employee * * * after deducting costs, reasonable attorney's fees and reasonable expenses incurred by such employee * * * in making such collection or enforcing such liability; * * *." (Italics supplied.)

Upon petition for reargument, Mr. Justice Loring noted that he concurred in the result only, and Mr. Justice Stone, dissenting, expressed disagreement in this way (206 Minn. 19, 287 N. W. 866):

"* * * We are all so fond of the protection afforded by the compensation law to employes that it is easy to ignore both extent and detail of the reciprocal protection afforded employers. In proportion as this decision denies an employer the right of subrogation against a third party we are depriving him of an affirmative protection expressly granted by statute. And we are by judicial grant giving the employe a double award which, except as to the excess of the tort recovery over the amount of compensation, the statute denies."

The statute in force at the time the McGough case was decided appears to be in substantially the same language as was Minn. St. 1949, § 176.06, subd. 2, the statute in force in 1951 when the original compensable injury was sustained by Thibault. The statute in effect on April 2, 1960, the date of the automobile accident, (Minn. St. 176.061, subd. 5) is different in one important particular: The words "also creating" had been eliminated by 1960 and the words "which created" substituted. The right of the employer to subrogation

now occurs when "an injury or death for which compensation is payable is caused under circumstances which created a legal liability for damages." It may be that the legislature intended to relieve the possible inequities which would flow from the rule of the McGough case if extended beyond its facts.

Apart from the change in language appearing in the pertinent section of the statute, we are convinced that the intent of the legislature has always been to give to an employer-insurer who meets its responsibility under the Workmen's Compensation Act recourse by way of subrogation as against a third person whose fault made such payment necessary. The reason for the legislative recognition of rights of subrogation in the employer-insurer applies with even greater force in a case such as this one where employer responsibility for employee injuries has been extended by the decision-making process to cover an injury sustained at a time and place and under circumstances remote from the employment status. We cannot attribute to the legislature a plan to discriminate against the employer whose responsibilities under the Workmen's Compensation Act, initiated by a work-connected accident, have been made more onerous by third-party negligence thereafter occurring. There is a sufficient difference between the case before us and that presented to the appellate court in McGough v. McCarthy Improvement Co. *supra,* to justify our refusal to accept it as inferential authority when to do so would be to produce an injustice not otherwise defensible.

It is our conclusion that the employer-insurer has a legitimate interest in the third-party action presently pending and that the decision of the district court, in so far as it is based on the conception that the employer-insurer is without rights of subrogation in circumstances such as these, must be and is reversed.

Reversed.