JOHN WILLIAMS AND ANOTHER v. OWEN W. HOLM.
AUTO-OWNERS INSURANCE COMPANY,
RESPONDENT.

181 N. W. (2d) 107.

October 30, 1970—No. 42275.

*Lamb & Schaefer* and *Raymond A. Lamb,* for appellant.
*Padden, Dickel, Johannson & Wall* and *Morris Dickel,* for
respondent insurance company.

KELLY, JUSTICE.

Appeal by John Williams from a judgment of the district court
awarding money on deposit with its clerk of court to the Auto-
Owners Insurance Company.

The sole issue before this court is whether an employer-insurer

that pays additional benefits and additional medical expenses as a result of the aggravation of an employee's compensable work-connected injury caused by the malpractice of a physician in treating the original injury is entitled to subrogation for such additional payments where the employee recovers money by settlement of an action seeking damages because of the doctor's malpractice.

In June 1967, Williams sustained an on-the-job injury and sought medical assistance from the only doctor in town, who referred him to a physician in a nearby city. Through negligence of the latter physician, the injury was aggravated and the insurance company paid additional benefits to Williams and also paid additional medical bills. Williams and the insurance company, as an interpleaded party plaintiff, brought a malpractice action against the doctor which was settled for the sum of $45,000. The insurance company and Williams agreed that the sum of $4,358.05 was the amount of additional benefits and medical expenses attributable to the malpractice and deposited this sum with the clerk of district court subject to that court's order.

This court considered the same issue in McGough v. McCarthy Improvement Co. 206 Minn. 1, 287 N. W. 857, and affirmed the order of the Industrial Commission which denied subrogation to the compensation carrier under facts on all fours with the instant case with the exception that in McGough the employer made the choice of doctor rather than the employee, a circumstance we find of no significance.

This court again considered the same issue in Thibault v. Bostrom, 270 Minn. 511, 134 N. W. (2d) 308, where an employer's compensation carrier, Liberty Mutual Insurance Co., paid benefits to Thibault for injuries he sustained in an automobile accident occurring when he was returning from medical treatment for a compensable job-connected injury previously suffered by him. When Thibault brought an action for his personal injuries arising out of the automobile accident against Bostrom, Liberty Mutual moved the district court for leave to intervene as an in-

terested party entitled to subrogation. The district court denied the motion but on appeal we reversed, stating (270 Minn. 515, 134 N. W. [2d] 312):

"It is our conclusion that the employer-insurer has a legitimate interest in the third-party action presently pending and that the decision of the district court, in so far as it is based on the conception that the employer-insurer is without rights of subrogation in circumstances such as these, must be and is reversed."

The applicable provision of our Workmen's Compensation Act in force during all relevant times in the McGough case, Mason St. 1927, § 4291(2), provided:

"Where an injury * * * is caused under circumstances *also creating* a legal liability for damages on the part of any party other than the employer, * * * legal proceedings may be taken by the employee * * * and [if] a judgment is obtained and paid or settlement is made with such other party either with or without suit, the employer shall be entitled to deduct from the compensation payable by him, the amount actually received by such employee * * * after deducting costs, reasonable attorney's fees and reasonable expenses incurred by such employee * * * in making such collection or enforcing such liability; * * *." (Italics supplied.)

At the time of Thibault's original compensable injury, Minn. St. 1949, § 176.06, subd. 2, was in effect and was substantially the same as the statute in force at the time of the McGough case. This law was amended so that at the time Thibault suffered additional injuries in the automobile accident (April 1960), Minn. St. 176.061, subd. 5, was the relevant statute and in it the words "which created" were substituted for the words "also creating." The pertinent provision of this law in effect at the time the Thibault case was decided is the statutory law now applicable to the instant case.

The Workmen's Compensation Act makes no distinction between the tort of malpractice and any other tort in allowing subrogation to a compensation carrier who is required by law to pay benefits and medical expenses to and for an employee who has received an aggravation of an old injury or additional injury under the circumstances present in the instant case or those present in Thibault. Nor do we see any reason for distinguishing this case from Thibault.

Consequently, we overrule the McGough case and join the majority, if not all, of the courts in the United States, in holding that there is a right of subrogation under statutes and fact situations similar to the applicable statute and facts in this case.[1] To rule otherwise would be inequitable and would permit double recovery by the employee.

The judgment of the district court awarding the sum of $4,358.05 to the Auto-Owners Insurance Company and requiring the company to pay a pro rata share of Williams' attorneys' fees and expenses incurred in the malpractice case, all as more particularly set forth in the judgment, be and hereby is affirmed.

Affirmed.

---

[1] 2 Larson, Workmen's Compensation Law, § 72.60.