**Otto ZINGELMAN, Respondent,**

v.

**Dennis WISNIEWSKI (uninsured), Relator, and State Treasurer, Custodian of the Special Compensation Fund, Defendant.**

**No. 47912.**

Supreme Court of Minnesota.

April 14, 1978.

Grose, VonHoltum, VonHoltum, Sieben & Schmidt, and Douglas E. Schmidt, Worthington, for relator.

Garland C. Brandt, Minneapolis, William P. Scott, Pipestone, for respondent.

Warren Spannaus, Atty. Gen., St. Paul, for defendant State Treasurer.

PER CURIAM.

The Workers' Compensation Court of Appeals found that employee was permanently totally disabled as a result of personal inju-

ry sustained in the course of employment. The employer seeks review, contending that employee's present disability was caused instead by diseases unrelated to such injury and that the finding of causal relation between employee's disability and employment-related injury is manifestly contrary to the evidence. We affirm.

Employee, a 62-year-old mechanic and welder, was injured on August 29, 1972, when the jack holding up the front part of an automobile on which employee was working slipped and this part of the car fell to the ground, striking employee in the chest. He sustained a crush injury to the chest causing several fractured ribs and, as the compensation court found, injury to his abdomen, lungs and liver. Employee had smoked two packs of cigarettes daily and had indulged heavily in intoxicants for many years, but these habits had not interfered with his ability to work or his other activities prior to the accident. He had a harsh cough, however, and after admission to the Pipestone Hospital was diagnosed by Dr. F. E. Boyd, his family doctor, as having a crush injury to his chest and fairly advanced emphysema.

Following admission to the hospital employee improved in the first few days, but his condition then deteriorated sharply, either because of a pulmonary embolism or the development of pneumonia. He was transferred to a hospital in Sioux Falls and the care of Dr. Vincent K. Cutshall, an internist, and improved enough to be discharged 18 days later. He then convalesced under Dr. Boyd's care until February 23, 1973. His condition had then improved to the extent that Dr. Boyd evaluated him as partially disabled rather than totally disabled. Since that time, however, his ability to breathe has diminished greatly and he complains of weakness. He is unable to walk more than a block without resting, and the finding that he is permanently totally disabled is essentially unchallenged.

■ In challenging the finding of a causal relationship between injury sustained by employee in the accident of August 29, 1972, and his present disability, the employ-er attacks the testimony of a medical expert called by employee, Dr. Barron, as conjectural. In spite of his use of the words like "could," "could be," "I can see," and similar language, we find that Dr. Barron's testimony as a whole clearly discloses that his basic opinion was that employee sustained injury to his lungs which has caused or contributed to his permanent and total disability. His testimony was properly considered. *Boldt v. Josten's, Inc.,* Minn., 261 N.W.2d 92 (1977).

Our review of the record discloses sharp conflict in the opinions of the medical witnesses on whether employee's disability is causally related to injury he sustained in the accident. Dr. Thomas Layman, a specialist in internal medicine testifying in the employer's behalf, expressed the opinion that employee's present shortness of breath, weakness, and disability is caused by lung disease, cirrhosis of the liver, and possibly coronary disease. He thought that employee's disability is approximately what it would have been if the accident had never occurred. Dr. Boyd stated that employee has residuals of the crush injury to his chest superimposed on emphysema and that in his opinion the accident "pushed him over the edge into disability." Dr. Barron expressed the opinion that the crush injury to employee's chest had caused rupture of air sacs in employee's lungs which has produced emphysematous changes and reduced the function of his lungs. In his opinion smoking of itself would not have produced the significant shortness of breath from which employee suffers.

■ The compensation court as trier of fact was required to resolve the conflicts in these opinions, *Dauphine v. City of Minneapolis, Dept. of Public Welfare,* Minn., 249 N.W.2d 463 (1977); *Grabowski v. Great Northern Oil Co.,* 283 Minn. 205, 167 N.W.2d 14 (1969), and we cannot say that a consideration of all the evidence and the inferences permissible therefrom would require reasonable minds to adopt a conclusion contrary to that of the compensation court. Moreover, our review of the record as a whole satisfies us that there is substantial

evidentiary support for the finding that the injury sustained in the accident of August 29, 1972, resulted in employee's disability. The evidence clearly permits the inference that the employment-caused injury, if not the sole cause of employee's disability, has aggravated, accelerated, or combined with preexisting lung disease or infirmity to produce such disability. Employee's disability is therefore compensable. *Susnik v. Oliver Iron Min. Co.*, 193 Minn. 129, 258 N.W. 23 (1934); *Larson v. Davidson-Boutell Co.*, 258 Minn. 64, 102 N.W.2d 712 (1960). See, also, *Gillette v. Harold's, Inc.*, 257 Minn. 313, 101 N.W.2d 200 (1960); *Forseen v. Tire Retread Co., Inc.*, 271 Minn. 399, 136 N.W.2d 75 (1965).

We see no merit in the employer's contention that more detailed findings of fact were required to support the compensation award.

Employee is allowed $350 attorneys fees.

Affirmed.