**MINNESOTA LOAN & THRIFT COM-PANY, Petitioner, Appellant,**

v.

**COMMERCE COMMISSION, DEPART-MENT OF COMMERCE, State of Minnesota, Respondent,**

**and**

**Citizens Loan and Investment Company, Interested Party.**

No. 48507.

Supreme Court of Minnesota.

March 9, 1979.

Larkin, Hoffman, Daly & Lindgren and Robert W. Junghans, Minneapolis, O'Brien,

Ehrick, Wolf, Deaner & Downing and Stephen Fuller, Rochester, for appellant.

Warren Spannaus, Atty. Gen., Helen Kelly, Sp. Asst. Atty. Gen., St. Paul, for Commerce Commission, Dept. of Commerce, State of Minn.

Chestnut, Brooks & Brukard and Thomas H. Graham, Minneapolis, for interested party.

Heard before KELLY, SCOTT, and STONE, JJ., and considered and decided by the court en banc.

## OPINION

BRUCE C. STONE, Justice.*

Minnesota Loan & Thrift Company appeals from an order of the district court which remanded to the Minnesota Commerce Commission, for further hearing, the application of Citizens Loan and Investment Company for authorization to do business as an industrial loan and thrift company. The order also allowed limited intervention by Minnesota Loan. We affirm the result.

The sequence of events, which is significant here, is as follows:

On February 16, 1977, Citizens Loan and Investment Company (Citizens) (participating in this appeal as interested party) filed an "Application for Certificate of Authorization to Transact Business as an Industrial Loan and Thrift Company" with the Banking Division of the Minnesota Department of Commerce. Citizens intended to do business in Rochester, Minnesota.

On February 18, petitioner Minnesota Loan & Thrift Company (Minnesota Loan) (a duly authorized industrial loan and thrift company doing business in Rochester) learned of Citizens' application by letter from the commission. On February 22, Minnesota Loan's supervisor responded by letter to the Supervisor of Consumer Credit, expressing concern about Citizens' application. The letter asked the commission to

"advise by return mail the date set for the hearing in this matter." It further stated:

"It is our understanding that Citizens Loan & Investment Company is in continued negotiation with Citicorp for sale of their company. In view of these circumstances it would appear that an application for an additional license would be inappropriate at this time."

The Commerce Commission did not reply to the letter from Minnesota Loan.

On Friday, March 4, the commission's order and notice of hearing for March 16 was published in the Rochester Post-Bulletin. Minnesota Loan was unaware of the March 16 hearing date until March 11, when its supervisory personnel discovered the publication of the commission's order for hearing.

On March 9, Citizens' parent corporation, Federal Discount Corporation of Dubuque, Iowa, contracted to sell all of the Federal Discount Corporation shares to the Federal Discount Company (a Rock Island, Illinois-based corporation). The sale was conditioned upon approval by the Board of Governors of the Federal Reserve Bank. A press release issued that same day announced the sale.

On Friday, March 11, Minnesota Loan learned of the sale through the press release, which appeared in the Wall Street Journal. The buyer, Federal Discount Company, obviously was not the same buyer that Minnesota Loan had anticipated in its letter of February 22.

Supervisory personnel of Minnesota Loan contacted their president and vice president (who were out of town on March 11) to determine what to do in light of the changed circumstances, and the decision was made to petition for intervention as a full party objector. Citizens' attorney was notified of Minnesota Loan's intentions on the following Monday, March 14.

On Tuesday, March 15, Minnesota Loan moved the Commerce Commission alterna-

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.

tively to dismiss Citizens' application or to postpone the hearing for 60 days and permit Minnesota Loan to intervene in the hearing on all issues as a full party objector.

On March 16, the hearing examiner denied Minnesota Loan's motion, and the hearing on Citizens' application then proceeded as scheduled. Citizens and the Banking Division were the only participants.

On March 23, following other unsuccessful attempts by Minnesota Loan to intervene or block Citizens' application, the hearing examiner recommended that the Commerce Commission grant the application.

Minnesota Loan filed exceptions to the hearing examiner's report and renewed its prior motions before the commission on April 1.

On April 21, the commission granted Citizens' application. By incorporation of the hearing examiner's report, the commission made the formal findings of fact required by Minn.St. 53.03(2), *infra,* and ruled that Minnesota Loan's motions were untimely[1] and otherwise unjustified.[2]

Subsequently Minnesota Loan sought review of the commission's decision in Olmsted County District Court, which ruled: (1) That the hearing examiner acted arbitrarily and capriciously in ruling that Minnesota Loan's petition to intervene was untimely; and (2) that the hearing examiner's decision to deny Minnesota Loan full objector status was not arbitrary or capricious, because the sale of Citizens' parent was relevant only to the issues of financial integrity and proper and safe management. Accordingly, the

district court remanded the matter to the commission for rehearing, permitted limited intervention by Minnesota Loan (on the issues of financial integrity of the applicant's proposed new shareholders and its proper and safe management under the proposed new ownership) and further provided that if the sale did not go through, the commission order granting the application would be reinstated. It reserved, as premature, substantive review of the commission's decision to grant Citizens' application.

Minnesota Loan appealed from the district court order of remand. Citizens' motion for summary affirmance of the district court order was denied by this court.

The issues on appeal are whether the commission erred (a) in denying Minnesota Loan the right to intervene as a full party objector, and (b) in granting Citizens' application to do business as an industrial loan and thrift company.

When reviewing an agency decision on appeal from district court review, this court must independently scrutinize the agency's decision, according the trial court only such deference as it would give to opinions of other appellate jurisdictions. *Reserve Mining Co. v. Herbst,* Minn., 256 N.W.2d 808, 824 (1977). Per Minn.St. 15.-0425, this court must determine, *inter alia,* whether an agency's conclusions are arbitrary or capricious. Appellant has the burden of proving that the commission's decision violated one or more of the provisions of Minn.St. 15.0425. *Markwardt v. State, Water Resources Bd.,* Minn., 254 N.W.2d 371 (1977); *Minn. Dept. of Hwys. v. Minn.*

---

1. The hearing examiner's report, incorporated by the commission, stated: " * * * Although the basis for the motions was a March 11, 1977 news release, the Examiner was not made aware of them until late in the afternoon of March 15, 1977, the day prior to hearing. Movant requested that he be allowed to intervene as an objector to the entire scope of the proceedings. That nature of intervention would encompass much more than issues raised by the news release. Intervention on that basis must be made at least ten days prior to hearing."

2. By incorporation of the hearing examiner's report, the commission denied Minnesota Loan's motions additionally because (a) the proposed sale of Citizens' parent corporation being conditioned upon approval by the Federal Reserve Board, the continuance requested by Minnesota Loan would be based upon a contingency that would be unresolved for six or more months; (b) nothing in Minn.St. c. 53 required a new showing by Citizens' shareholders if the proposed sale did go through subsequently; and (c) the Banking Division would oversee any such sale and, therefore, would be an adequate safeguard if the sale occurred.

*Dept. of Human Rights,* 308 Minn. 158, 241 N.W.2d 310 (1976).

*Intervention as a Full Party Objector*

1. *Timeliness of the motion to intervene.*

Minnesota Loan argues, and the trial court agreed, that the hearing examiner and the commission acted arbitrarily and capriciously in ruling Minnesota Loan's March 15 petition to intervene as being untimely. We concur.

Petitioner argues its position under both Commerce Commission (COMC) regulation 13 and 9 MCAR § 2.210 (formerly Hearing Examiners [HE] regulation 210). Under COMC 13, notification of intent to oppose an application shall be given not less than 10 days prior to the hearing date. The regulation further provides:

> "(d) For good cause shown, any potentially affected citizen, existing financial institution, copartnership, association, or corporation that has failed to give timely notice, as prescribed herein, may be permitted by the Commission to appear at the hearing in opposition to the application."

9 MCAR § 2.210A (formerly HE 210[a]) provides that "[t]imeliness [of a petition to intervene] will be determined by the Hearing Examiner in each case based on circumstances at the time of filing." Sec. 2.210C directs the examiner to "allow intervention upon a proper showing pursuant to 9 MCAR § 2.210A unless the Hearing Examiner finds that the petitioner's interest is adequately represented by one or more parties participating in the case."

The hearing examiner based his timeliness decision on two factors: (1) Though the motions were based on a news release discovered March 11, 1977, the examiner was not notified of Minnesota Loan's intent to intervene until late in the day preceding the scheduled hearing—March 15; and (2) intervention on all issues, as requested, encompassing more issues than those raised by the news release, must be requested at least 10 days before the hearing.

Minnesota Loan, by its February 22 letter to the Banking Division, asked to be notified of the date of the hearing by. return mail. No answer was received. The order for hearing was not published until March 4, only 12 days before the hearing date. Minnesota Loan discovered the notice on Friday, March 11, just 5 days before the hearing and notified Citizens' attorneys on Monday, March 14, of its intent to intervene. The formal petition was served on March 15.

The 4-day delay in formally petitioning for intervention should not be fatal under either regulation (COMC 13 or HE 210), particularly inasmuch as a weekend fell between March 11 and March 15. Most importantly, in February, Minnesota Loan assumed the sale would be to the New York-based Citicorp, a well known financial institution. When the reading of the Wall Street Journal story on March 11 disclosed that the proposed buyer was a Rock Island, Illinois-based corporation, unfamiliar to Minnesota Loan's officers, the decision then to formally intervene becomes understandable.

Because the commission's decision on timeliness effectively forecloses Minnesota Loan's opportunity to be heard and because Minnesota Loan showed good cause for its failure to formally intervene not later than 10 days before the hearing, a ruling of arbitrary and capricious action under Minn.St. 15.0425(f) is warranted.

2. *Scope of Intervention.*

Minnesota Loan seeks intervention as a full party objector on all issues raised by Citizens' application. Such participation would involve the rights to conduct discovery; present evidence; subpoena, present, and cross-examine witnesses; and introduce rebuttal evidence contesting the applicant's showing. 9 MCAR §§ 2.214–2.217; COMC 16, 17, 32, 34, 36. Citizens opposes intervention on any issue, supporting the commission's decision.

Minn.St. 53.03, subd. 2, establishes six showings that an applicant, such as Citizens, must make for its application to be approved:

(1) That "* * * the assets of such corporation, over and above all its liabilities, have an actual value of not less than the par value of all of its capital represented by shares of common stock, which shall not be less than the amount prescribed by section 53.02 * * *";

(2) "* * * that the bylaws and articles of incorporation and amendments thereto are in accordance with law * * ";

(3) "* * * that the shareholders of the corporation are of good moral character and financial integrity * * *";

(4) "* * * that there is a reasonable public demand for that company in the location specified in the application * * *";

(5) "* * * that the probable volume of business in that location is sufficient to insure and maintain the solvency of such company and the solvency of any then existing industrial loan and thrift companies or banks in that locality, without endangering the safety of any such company or bank in the locality as a place for investing or depositing public and private money * * ";
and

(6) "* * * that the proposed company will be properly and safely managed."

The trial court ruled that the commission's refusal to permit intervention on any issue was an arbitrary and capricious abuse of discretion and ordered that Minnesota Loan be permitted to intervene on two of the six showings required by Minn.St. 53.03: (1) financial integrity and moral character of Citizens' shareholders, and (2) proper and safe management. Those issues, the district court reasoned, were the only ones affected by the change in circumstances which prompted Minnesota Loan's petition to intervene.

■ We concur with the district court's ruling. Minnesota Loan had from February 18 to March 6 to file a petition for full-scale intervention and did not do so. Hence, its intervention must be limited to those issues affected by specific circumstances it could not timely anticipate.

Full-scale intervention is not dictated simply by a change in buyers. The requirements relating to the assets of Citizens, the by-laws and articles of incorporation, public demand, and probable volume of business are the same whether Federal Discount Corporation or Federal Discount Company or Citicorp is the parent corporation. Further, and of significance here, the commission is responsible in any event for ongoing supervision of institutions under its jurisdiction to ensure continued compliance with the statutory requirements. Minn.St. 53.09, subd. 1.

As to financial integrity and moral character of the shareholders and proper and safe management, the identity of the parent corporation is a crucial element in approving or denying the application, and intervention should be granted on these two issues. They are, or at least may be, affected by the change in circumstances which prompted Minnesota Loan to intervene.

A new hearing, limited in scope as provided by the trial court, should provide the competing interests an adequate arena in which to air their respective contentions, yet not be an unwarranted burden upon the applicant (whose application has now been delayed nearly 2 years by a somewhat tardy contender). Restricted to the issues of financial integrity and moral character of Citizens' shareholders and proper and safe management, Minnesota Loan should be allowed to subpoena, present, and cross-examine witnesses and to introduce rebuttal evidence.

*The Granting of the Application*

Like the district court, we decline to grant Minnesota Loan's request to dismiss Citizens' application or to decide whether the commission's decision to approve the application is supported by substantial evidence in the record as a whole. However, without so holding, it does appear that dismissal of Citizens' application, as a matter of law, would not be justified upon the record as it now stands. In any event, Minnesota Loan's unsatisfied right to intervene renders review on the merits inappropriate at this time.

After the remand and limited hearing, the commission may take such action as is then warranted, subject to the trial court's restriction: if the sale is not consummated, the order granting the application is to be reinstated. While would-be intervenors cannot delay at will the hearings of administrative agencies, neither should the agency preclude a reasonable continuance and intervention for bona fide purposes.[3] Partial intervention by this interested competitor, where good cause was shown for its failure to timely request intervention under the commission's rules, is a reasonable accommodation of the competing interests. Minnesota Loan will have its opportunity to voice its objections on those questions affected by the proposed change of ownership.

The decision of the district court reversing the Commerce Commission is affirmed and the matter is remanded to the commission for further proceedings in accordance with this opinion.

Affirmed.

TODD, J., took no part in the consideration or decision of this case.

---

3. At the hearing on March 16, Citizens agreed to a short continuance and limited intervention. Minnesota Loan pressed for full intervention, and the hearing examiner denied intervention of any scope.