Luella **HENDRICKSON**, widow of Theodore A. Hendrickson, Deceased, Respondent,

v.

**GEORGE MADSEN CONSTRUCTION CO., et al., Relators.**

No. 49017.

Supreme Court of Minnesota.

June 8, 1979.

Rehearing Denied July 20, 1979.

---

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Mary Jeanne Coyne, and O. C. Adamson II, Minneapolis, for relators.

Robert R. Johnson, Minneapolis, for respondent.

Heard before KELLY, TODD, and SCOTT, JJ., and considered and decided by the court en banc.

TODD, Justice.

Luella Hendrickson, surviving spouse of Theodore Hendrickson, was awarded compensation death benefits. Her husband suffered a fatal heart attack while testifying at a compensation hearing in support of his petition for additional benefits. The stress of testifying contributed to the heart attack. The compensation judge denied benefits for the heart attack, but the court of appeals allowed the claim. We reverse.

Hendrickson suffered a compensable work-related injury to his shoulder. He was awarded 69 weeks of temporary total disability, 25-percent permanent partial disability, and medical expenses. Subsequent to termination of these benefits, Hendrickson filed a petition for ongoing benefits, which claim was settled. Thereafter, he again petitioned for benefits. The claim was denied by his employer, and a compensation hearing was scheduled. At the completion of Hendrickson's testimony, a recess occurred. Hendrickson suffered a myocardial infarction and died. Since his testimony was finished, the compensation proceeding was subsequently completed and benefits for the shoulder injury were awarded to the date of his death. His widow filed a petition for death benefits, claiming that the myocardial infarction also arose out of and in the course of his employment. The parties agree that the original shoulder injury was unrelated to the heart attack and that Hendrickson had a history of pulmonary emphysema and coronary insufficiency not related to his employment. The parties have stipulated that the stress of his appearance at the compensation hearing was a contributing cause of Hendrickson's myocardial infarction. The compensation judge denied the widow's claim for death benefits, but the Workers' Compensation Court of Appeals reversed and awarded benefits.

The sole issue presented in this appeal is whether a heart attack, sustained shortly after an employee has testified in his own behalf at a compensation hearing concerning a compensable shoulder injury, arises out of and in the course of employment where the heart attack is medically unrelated to the shoulder injury but is caused by the stress of the hearing.

The Workers' Compensation Act provides that an injury is compensable if it is an injury "arising out of and in the course of employment." Minn.St. 176.011, subd. 16. If a contributing cause of decedent's heart attack is attributable to his employment, it is compensable even though another cause of the heart attack was a preexisting heart disease unrelated to his employment. See, *Zingelman v. Wisniewski*, 265 N.W.2d 653 (Minn.1978); *Wever v. Farmhand, Inc.*, 309 Minn. 42, 243 N.W.2d 37 (1976); *Forseen v. Tire Retread Company*, 271 Minn. 399, 136 N.W.2d 75 (1965).

The theory advanced by Hendrickson's widow in support of recovery of dependency benefits is that a chain of causation exists between the original compensable shoulder injury and the subsequent myocardial infarction. Therefore, it is argued that the infarction is also compensable. This argument does not suggest that the shoulder injury is physically or medically related to the infarction because it is undisputed that the shoulder injury was medically unrelated to the infarction. Instead, the argument suggests causation in the sense that the decedent was pursuing normal procedures under the Workers' Compensation Act to obtain compensation for his shoulder injury, and but for the shoulder injury, the decedent would not have been placed under the stress of a compensation hearing.

In Minnesota, as in other jurisdictions, subsequent injuries that are a direct and natural consequence of a previous compensable injury are likewise compensable. See, *Andeen v. Emmaus Nursing Home*, 256 N.W.2d 290 (Minn.1977); *Rohr v. Knutson Construction Co.*, 305 Minn. 26, 232 N.W.2d 233 (1975). Typically, the cases involve medical causation, such as where a compensable injury weakens the claimant and the claimant thereby sustains a subsequent injury because of the weakened condition.

Less frequent are those instances where compensation is awarded for a second injury that has some nonmedical causal connection to the original compensable injury. In 1 Larson, Workmen's Compensation Law, § 13.11, p. 3–365, such injuries are said to arise in the "quasi-course" of employment. Professor Larson states:

" * * * By this expression is meant activities undertaken by the employee following upon his injury which, although they take place outside the time and space limits of the employment, and

would not be considered employment activities for usual purposes, are nevertheless related to the employment in the sense that they are necessary or reasonable activities that would not have been undertaken but for the compensable injury."

The court of appeals, relying on Larson's "quasi-course" of employment doctrine included in his discussion of "Range of Compensable Consequences," held that the participation by Hendrickson at the evidentiary hearing was of such reasonable relationship to the work-incurred accident that the chain of causation should not be said to be broken, and therefore it awarded benefits to the widow. The briefs of both parties invite an analysis and review of Larson's theories as applied to the facts of this case. We decline to decide the case on this basis.

Some precedent exists in this state to support the conclusion that an employee may recover compensation for injuries sustained while engaged in an activity which is not within the strict time and space limits of employment. Hendrickson's widow relies heavily on decisions of this court holding that injuries sustained while traveling to or from the medical doctor for treatment of a compensable injury are also compensable. *Pedersen v. Maple Island Inc.*, 256 Minn. 21, 97 N.W.2d 285 (1959); *Fitzgibbons v. Clarke*, 205 Minn. 235, 285 N.W. 528 (1939). See, also, *Thibault v. Bostrom*, 270 Minn. 511, 134 N.W.2d 308 (1965) (approving the *Pedersen* and *Fitzgibbons* cases).[1] These Minnesota cases, while not specifically adopting the phrase, may be described generally as an application of the so-called "special errand" doctrine.

Pursuing a compensation claim against the employer, however, is not analogous to traveling to or from the medical doctor for treatment of a compensable injury. The rationale of cases allowing compensation

---

1. Generally, courts from other jurisdictions also hold that an injury sustained while obtaining treatment from a doctor for a compensable injury is likewise compensable. *Laines v. Workmen's Compensation Appeals Board*, 48 Cal.App.3d 872, 122 Cal.Rptr. 139 (1975); *Taylor v. Centex Construction Co.*, 191 Kan. 130, 379 P.2d 217 (1963); *Charles N. Clark Assoc. v. Dep. of Robinson*, 357 So.2d 924 (Miss.1978); *Brewer & Anderson Const. Co. v. Roberson*, 577 P.2d 1307 (Okl.1978); *Immer and Company v. Brosnahan*, 207 Va. 720, 152 S.E.2d 254 (1967). See, generally, 1 Larson, Workmen's Compensation Law, § 13.13.

for injuries during trips to or from the doctor is frequently stated in terms of the employer's obligation to provide medical treatment (often authorized on company time), and the employee's obligation to receive treatment and thereby avoid further medical complications. Thus, in many cases the travel is actually a "special errand." These considerations are not involved when a person pursues a compensation claim and undertakes a lawsuit against the employer. Our conclusion is supported by the few decisions addressing the issue, which generally indicate that injuries sustained while pursuing a workers' compensation claim are not compensable. See, *Whitington v. Industrial Commission*, 105 Ariz. 567, 468 P.2d 926 (1970); *Carlson v. Young*, 84 Ohio Abs. 403, 171 N.E.2d 736 (1959); *Douglas v. Spartan Mills, Startex Division*, 245 S.C. 265, 140 S.E.2d 173 (1965). Cf. *Southern Cal. Rapid Trans. v. Workers Compensation Appeals Board*, 81 Cal.App.3d 302, 146 Cal.Rptr. 277 (1978); *Anderson v. Catham Electronics*, 70 N.J.Super. 202, 175 A.2d 256 (1961), writ denied, 36 N.J. 303, 177 A.2d 489 (1962).

We hold, therefore, that Hendrickson's injury sustained while pursuing a compensation claim against the employer is not compensable. We are being called upon to make a policy decision as to how far the limits of compensable coverage should be extended by judicial decision. Considering the history of workers' compensation as a pure creature of the legislature, it would be an improper exercise of the judicial function to extend coverage to nonwork-related events occurring during the compensation claim process. Any extension of coverage to such injuries is properly a matter for legislative action.

Reversed.