Peterson & Goodman and Michael B. Goodman, Rochester, for respondent.

---

**Violet WELTON, Widow of Benjamin Welton, Deceased Employee, Respondent,**

v.

**PIONEER TELEPHONE COMPANY et al., Relators.**

**No. 50361.**

Supreme Court of Minnesota.

July 3, 1980.

Rehearing Denied Sept. 9, 1980.

WAHL, Justice.

Relators, Pioneer Telephone Company and its workers' compensation insurer, seek

---

review of a decision of the Workers' Compensation Court of Appeals determining that they were not entitled to credit their liability to respondent for dependency compensation and the statutory allowance for burial expenses against the recovery employee had obtained through settlement of his common law negligence action against third parties. We reverse.

The issues arise in the context of the following facts. On March 10, 1965, an explosion occurred at the building in which employee worked, causing him to sustain serious injuries for which relators accepted liability to pay compensation. Subsequently employee brought a common law negligence action against several alleged third-party tortfeasors which was settled in May 1967 for $238,813.39. From that total employee paid attorneys fees and costs of $81,771.65, thus receiving a net recovery of $156,041.74. A proceeding to determine the distribution of the recovery pursuant to Minn.Stat. § 176.061 (1965) resulted in the determination that relators' share of the fees and costs was 34.24%, payable as their compensation liability accrued. This determination was affirmed by the then Workmen's Compensation Commission.

Employee died from the effects of the work injuries on June 12, 1972. His widow then filed a petition seeking dependency compensation and the burial expense allowance (as well as payment of medical expenses which are not in issue here), and in November 1974 Compensation Judge Robert Humm determined that she was entitled under Minn.Stat. § 176.111, subd. 6 (1971) to receive dependency compensation at the rate of $80 per week until relators had paid the statutory maximum of $35,000 imposed by § 176.111, subd. 19. He also determined that she was entitled to the funeral allowance of $1,000 provided by § 176.111, subd. 18. He concluded, however, that relators were entitled to a credit against the third-party recovery for their liability both for dependency compensation and the burial

expense allowance by reason of the provisions of § 176.061 (1965), the statute governing distribution of the third-party recovery.[1] In May 1976 respondent petitioned to vacate that award, chiefly on the ground that a dependent's right to compensation is separate and distinct from an employee's. The Workers' Compensation Court of Appeals granted the petition and remanded the matter to Judge Humm, calling to his attention Minn.Stat. §§ 176.101, subd. 6, and 176.111, subd. 19 (1971).

Following a hearing in September 1978, Judge Humm modified his former determination by adding a finding determining that as a result of his work-related injury employee had been temporarily totally disabled from March 10, 1965 to June 12, 1972, entitling him to compensation of $17,046 and to supplemental benefits of $348, or a total of $17,394, and that by reason of § 176.101, subd. 6 (1971), that amount is a credit against the maximum statutory dependency compensation of $35,000 allowed by § 176.111, subd. 19. Judge Humm also made the following finding of fact:

> That said employee's injury occurred under circumstances which created a legal liability for damages against a third party other than the employer herein, following which said employee received a gross common law recovery of $238,813.39, subsequent to which Commission and Division Orders, and Amendments thereto, were filed, directing distribution thereof, pursuant to M.S. 176.061, Subd. 6, and said employer and insurer were ordered to continue to pay as their proportionate share of attorney's fees and costs from and after August 27, 1968, 34.24 percent of all benefit liability in excess of $39,171.82 until the additional sum of $68,359.22 has been paid and the additional benefit liability of $199,641.57 has been exhausted, and that thereafter said employer shall pay 100 percent of all benefits to which the employee is entitled

1. It is undisputed that as of August 27, 1968, there remained a credit of over $199,000 for relators against the third-party recovery and that the credit remaining at the time of employ-

ee's death is more than sufficient to offset maximum dependency compensation and the burial expense allowance.

as a result of his personal injury of March 10, 1965, as provided by the terms and provisions of the Minnesota Workers' Compensation Law.

Based on these findings Judge Humm reaffirmed his earlier determination that § 176.061 (1965) also applies and entitles relators to credit their liability for dependency compensation and the burial expense allowance against the remaining third-party recovery. He rejected respondent's claim that this statute did not apply to compensation to which she was entitled, pointing out that her claim necessarily derived from employee's injury. He further determined that § 176.061, subd. 6 required that relators pay her 34.2% of the dependency compensation of $17,606 and of the funeral allowance of $1,000.[2]

On employee's appeal, the Workers' Compensation Court of Appeals reversed, determining instead that the burial expense allowance and dependency compensation are not subject to be taken as credit by relators against the third-party recovery. One of the reasons given by the court of appeals for this conclusion was that § 176.101, subd. 6 (1971) in their view provides the only credit available to reduce an employer's liability for dependency compensation. That statute provided in pertinent part:

> In case a worker sustains an injury arising out of and in the course of employment, and during the period of disability caused thereby death results approximately therefrom, all payments for temporary or permanent disability previously made as compensation for such injury are deducted up to a maximum of $17,500 from any compensation due on account of the death * * *.

The court also construed § 176.101, subd. 6, as not permitting deduction of the statutory burial expense allowance. We agree that it was not intended to permit that deduction. *Cf. Christensen v. State, Dept. of Conservation*, 285 Minn. 493, 175 N.W.2d 433 (1970). But we see nothing in the language of § 176.101, subd. 6, suggesting that the legislature intended that the deduction provided therein should have any bearing on the parties' rights under the statute relating to third-party recovery.

Instead, we hold that the provision in effect when employee obtained the third-party recovery, § 176.061 (1965), applies and entitles relators to offset their liability both for dependency compensation and burial expense allowance against the remaining third-party recovery. Our conclusion is based on the language of § 176.061, subd. 5, which provides in pertinent part:

> Where an injury or death for which compensation is payable is caused under circumstances which created a legal liability for damages on the part of a party other than the employer, * * * legal proceedings may be taken by the employee or his dependents against the other party to recover damages, notwithstanding the payment by the employer or his liability to pay compensation. If the action against such other party is brought' by the injured employee or his dependents and a judgment is obtained and paid [or] settlement is made with the other party, *the employer may deduct from the compensation payable by him the amount actually received by the employee or dependents* after deducting costs, reasonable attorney's fees, and reasonable expenses incurred by the employee or dependents in *making collections or enforcing liability.* * * * If the injured employee or his dependents agree to receive compensation from the employer or institute proceedings to recover the same or accept from the employer any payment on account of such compensation, the employer is subrogated to the rights of the employee or his dependents. (Emphasis added.)

In our view the italicized language can only mean that a net third-party recovery stands as a fund against which an employer may credit his liability for all compensation, including dependency compensation and burial expense allowance, which are the conse-

---

2. The figure awarded by the compensation judge was $6,352.62. It appears that a small mathematical error was made, which can be corrected on remand.

quence of an employee's work-related injury or death.[3]

In denying relators the credit, the court of appeals also relied on our decisions holding that the rights of dependents are separate inchoate rights which become effective only on the death of the employee. *Schwartz v. Talmo*, 295 Minn. 356, 205 N.W.2d 318 (1973). That principle does not obscure the fact that dependents' rights necessarily derive from the employee's claim and would have no existence but for his work-related death. In light of that fact, the legislature's intent that a third-party recovery be a source to which the employer may resort to fulfill all his obligations to pay compensation to either the employee or his dependents is entirely reasonable. Moreover, to hold that an employee's death terminates the employer's right to credit his liability for all compensation derived from the work-related injury could in effect allow the dependents double recovery, a result which we have characterized as inequitable. *Williams v. Holm*, 288 Minn. 371, 181 N.W.2d 107 (1970). Consequently, we hold that § 176.061 (1965) must be applied.

We hold also that the compensation judge properly recognized respondent's right to receive 34.2% of the accrued dependency compensation and the burial expense allowance by reason of § 176.061, subd. 6 (1965), which provides:

As between employer and employee or his dependents, in all actions governed by this subdivision the employer shall bear that proportion of the costs, reasonable attorney's fees, and reasonable expenses incurred in making collection from and enforcing liability against the party other than the employer which the amount claimed by the employer for deduction from, or to be retained against, compensation payable bears to the whole amount recovered from such other party.

We reverse and remand for further proceedings in accordance with this opinion.

Reversed.

3. *Cf.* Minn.Stat. § 176.061, subd. 6(d) (1978), which more clearly expresses the same legislative intent.