**Lee H. SCHANDER, Respondent,**

v.

**NORTHERN STATES POWER COMPANY, et al., Relators.**

No. 81–145.

Supreme Court of Minnesota.

June 4, 1982.

Reargument Denied July 21, 1982.

Stephen C. Lapadat, Minneapolis, for relators.

Schermer, Schwappach, Borkon & Ramstead and John D. Mariani, Minneapolis, for respondent.

OTIS, Justice.

The employer seeks review of an award of compensation for injuries sustained by employee in an automobile accident as he was returning to his home after attending a retraining course for which he had been certified following a work injury which had resulted in his temporary total disability and need for retraining. The award under review was based on the determination of the Workers' Compensation Court of Appeals that when the accident occurred employee "was in the course of employment while attempting to retrain himself for another occupation." We reverse.

It is well settled that personal injuries suffered by an employee while traveling between his home and his work premises do not fall within the coverage of workers' compensation. See Minn.Stat. § 176.011, subd. 16 (1980); Kahn v. State, 289 N.W.2d 737, 742 (Minn.1980); Satack v. State, Department of Public Safety, 275 N.W.2d 556, 557 (Minn.1978). Despite this general rule, the Court of Appeals determined that employee's injuries were compensable in reliance on decisions holding that injuries sustained by an employee while traveling to or from a doctor for medical treatment of a compensable injury are also compensable. Pedersen v. Maple Island, Inc., 256 Minn. 21, 97 N.W.2d 285 (1959); Fitzgibbons v. Clarke, 205 Minn. 235, 285 N.W. 528 (1939). We pointed out in Hendrickson v. George Madsen Construction Co., 281 N.W.2d 672 (Minn.1979) that the usual rationale advanced for allowing compensation for injuries which occur during trips to or from a doctor is that the employer has an obligation to provide medical treatment and the employee has an obligation to receive such treatment and thereby avoid further medical complications. Id. at 674–75. In Fitzgibbons the court reasoned that proper treatment of an employee's injury was in the interests of both employee and employer. 205 Minn. at 236, 285 N.W. at 528.

Here, the Court of Appeals pointed out that, when necessary, an employee has as much right to receive retraining as he does to receive medical treatment. It may be added that retraining, when necessary to restore an employee to gainful employment, is also in the interests of both employer and employee. We are not convinced, however, that there is a sufficiently direct relationship between employment and injuries sustained by an employee while returning from his retraining course to his home to justify the conclusion that during that time he is in the course of employment. Obviously, the employer exercises no control over, and derives no benefit from, the employee's choice of route. Moreover, the employee during the course of his travel is exposed to the same risks as all other members of the general public and in the absence of exceptional circumstances the coverage of the Workers' Compensation Act does not extend to such risks. In Hendrickson we recognized that workers' compensation is a "pure creature of the legislature" and declined judicially to extend coverage to a nonwork-related event. 281 N.W.2d at 675. We again decline to do so.

Reversed.