**In the Matter of the APPLICATION BY THE CITY OF ROCHESTER FOR AN ADJUSTMENT OF ITS SERVICE AREA BOUNDARIES WITH PEOPLES COOPERATIVE POWER ASSOCIATION, INC.**

**No. C9-94-1948.**

Court of Appeals of Minnesota.

Dec. 6, 1994.

Denis R. Vogel, Wheeler, Van Sickle & Anderson, S.C., Madison, WI, for relator Dairyland Power Coop.

Hubert H. Humphrey, III, Atty. Gen., Margie Hendriksen, Asst. Atty. Gen., St. Paul, for respondent MPUC.

Considered and decided by KLAPHAKE, P.J., and DAVIES and HARTEN, JJ.

## SPECIAL TERM OPINION

KLAPHAKE, Judge.

### FACTS

The City of Rochester (city) filed a petition with the Minnesota Public Utilities Commission (PUC), requesting a determination of the appropriate compensation to be paid to Peoples Cooperative Power Association (Peoples) for the city's acquisition of Peoples' assigned service area.

A contested case hearing was scheduled. Relator Dairyland Power Cooperative, which supplies wholesale power to Peoples and 27 of Dairyland's member distribution cooperatives, petitioned to intervene in the proceedings. The Administrative Law Judge (ALJ) denied the petition for intervention, concluding that Dairyland and its member cooperatives did not have any interest that would be directly affected by the proceedings.

Dairyland and its member cooperatives appealed by certiorari from the ALJ's intervention decision, and this court issued an order questioning jurisdiction. The parties submitted memoranda responding to the court's order, and the PUC moved to dismiss Dairyland's appeal. By order dated October 18, 1994, this court granted the PUC's motion and dismissed the appeal. This opinion addresses the reasons underlying that order.

### DECISION

Intervention is available in administrative contested case proceedings as follows:

Subpart 1. **Petition.** Any person not named in the notice of hearing who desires to intervene in a contested case as a party shall submit a timely written petition. * * * The petition shall show how the petitioner's legal rights, duties, or privileges may be determined or affected by the contested case; [and] shall show how the petitioner may be directly affected by the outcome.

\*   \*   \*   \*   \*   \*

Subpart 3. **Order.** The judge shall allow intervention upon a proper showing pursuant to subpart 1 unless the judge finds that the petitioner's interest is adequately represented by one or more parties participating in the case.

Minn.R. 1400.6200, subpts. 1, 3 (1993). The rule does not specifically address the appealability of intervention decisions.

A certiorari appeal from a proceeding before the PUC may be taken only from "a final decision in a contested case." Minn. Stat. § 14.63 (1992). This language does not contemplate interlocutory appeals. In addition, certiorari ordinarily is available only when the order from which the appeal is taken is a "final determination of the parties' rights, rather than an interlocutory or intermediate order." *Overseas Commodities Corp. v. Dockman,* 389 N.W.2d 254, 256 (Minn.App.1986) (citations omitted); *see In re Complaint Regarding Annexation of Service Territory of Peoples Coop. Power Ass'n,* 430 N.W.2d 879 (Minn.App.1988) (dismissing certiorari appeal from PUC's determination on interim service pending contested case hearing).

An order denying intervention in a contested case proceeding is similar to an order denying intervention of right in a civil action. *Compare* Minn.R. 1400.6200, subpt. 3 *with* Minn.R.Civ.P. 24.01. The same considerations mandating a direct appeal from the denial of intervention of right in civil actions do not exist in contested case proceedings, however.

An order denying intervention of right in a civil action is directly appealable. *Norman v. Refsland,* 383 N.W.2d 673, 675

(Minn.1986). Such an order is "final" as to the attempted intervenor. *Thibault v. Bostrom*, 270 Minn. 511, 512, 134 N.W.2d 308, 310 n. 1 (1965). In contrast, an order denying intervention in a contested case is not "final" as to the attempted intervenor, who may seek review of the decision following the contested case proceedings. *See* Minn.Stat. § 14.63; *County of Ramsey v. Minnesota Pub. Utils. Comm'n*, 345 N.W.2d 740, 744 (Minn.1984) ("[a]ny person aggrieved" by final decision in contested case proceeding may appeal, even though that person was not a party to the contested case proceeding). Furthermore, the individual or entity denied intervention in contested case proceedings is not prejudiced to the same extent as an attempted intervenor in civil proceedings: during contested case proceedings, a nonparty may actively participate by presenting testimony and examining witnesses. Minn.R. 1400.6200, subpt. 5 (1993).

■ We note that in *Minnesota Loan & Thrift Co. v. Commerce Comm'n, Dep't of Commerce*, 278 N.W.2d 522 (Minn.1979), an ALJ denied a loan company's petition to intervene in an administrative proceeding. The loan company waited until the completion of the administrative proceedings and then petitioned the agency for review of the intervention decision. The loan company then sought further review of the intervention issue on appeal. Dairyland may proceed in a similar manner.[1]

**Appeal dismissed.**

---

**1.** The parties have raised the issue whether Dairyland will have standing to appeal after the PUC issues a final decision in this matter; i.e., whether Dairyland will be "aggrieved" at that time. Any attempt at this point to resolve the question of standing would be premature. An "aggrieved person" is

　　one who is injuriously or adversely affected by the judgment or decree when it operates on his rights of property or bears directly upon his personal interest. The word "aggrieved" refers to a substantial grievance, a denial of some personal or property right, or the imposition on a party of a burden or obligation.

*In re Getsug*, 290 Minn. 110, 114, 186 N.W.2d 686, 689 (1971). This standard is similar to the standard used by the ALJ to determine whether Dairyland should be allowed to intervene; i.e., whether or not Dairyland's interests would be "directly affected" by the outcome of the contested case hearing. Minn.R. 1400.6200, subpt. 1. Thus, were we to address the issue whether Dairyland would have standing to appeal at the conclusion of the contested case proceedings, we would in effect be addressing the merits of Dairyland's current appeal.