459 P.2d 740

**William B. WHITINGTON, Petitioner,**

**v.**

**INDUSTRIAL COMMISSION of Arizona,**
**Respondent,**

**Pinal County Sheriff's Office,**
**Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 240.**

Court of Appeals of Arizona,
Division 1.

Department A.

Oct. 15, 1969.

Rehearing Denied Nov. 14, 1969.
Review Granted Dec. 16, 1969.

Morgan & Jerome, by D. A. Jerome, Phoenix, for petitioner.

Michael A. Lasher, Jr., Former Chief Counsel, Donald L. Cross, Chief Counsel, Phoenix, for Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Arthur B. Parsons, Phoenix, for State Compensation Fund.

DONOFRIO, Presiding Judge.

This is a writ of certiorari to review the lawfulness of the findings, award and order of the Industrial Commission of Arizona denying the petitioner's claim for compensation. The findings of the Commission included "the accident that occurred on July 31, 1967 and the consequences thereof represent an intervening cause, and are not a compensable consequence of the original industrial injury."

The claimant, a Pinal County Deputy Sheriff, was originally injured on May 16, 1966 in an employment-related accident when he slipped and fell against his car, injuring his neck. This injury eventually required surgical attention and a bone fusion was performed. Continuing benefits were awarded by the Industrial Commission on this claim and thereafter claimant was scheduled for a group consultation on August 1, 1967 at 1:15 p. m. in Phoenix.

Claimant took his summer vacation the last week in July and the first week in August and chose to spend it in Lakeside, Arizona, away from his Florence home. On July 31, the day before he was to appear in Phoenix at the group consultation, the claimant and his wife left Lakeside, heading for Phoenix. The evidence clearly showed, and the Industrial Commission found, that the sole purpose of this trip was to attend the consultation. Just outside of Globe, Arizona, in the early evening of July 31 the claimant's car was involved in a rear-end collision and his neck was reinjured. It is the claim for compensation for this second injury with which we are primarily concerned.

On August 9, 1967 the Commission entered an order suspending all compensation pending a determination of how much of the claimant's illness related to the original accident. On October 5, 1967 an order was entered denying compensation for the second accident. After claimant protested the order a hearing was set and thereafter on July 29, 1968 the Industrial Commission entered its findings and award affirming the October 5 order. The following findings were made:

"1. That applicant was ordered to appear at the Industrial Commission of Arizona for a group medical consultation on August 1, 1967 at 1:15 p. m.

"2. At that time applicant's condition was stationary and he required no further medical treatment as the result of the industrial accident of May 16, 1966.

"3. On July 31, 1967, applicant left Lakeside, Arizona, by automobile to travel a distance of 210 miles to Phoenix, Arizona.

"4. The sole purpose of applicant's trip of July 31, 1967 was to be present in Phoenix, Arizona at the group medical consultation scheduled for August 1, 1967.

"5. On July 31, 1967 at approximately 4:00 P.M. applicant was involved in an automobile accident near Globe, Arizona.

"6. As the result of the automobile accident, applicant fractured the spinal fusion which was previously performed in connection with the industrial injury, and has therefore required a further surgical procedure and medical attention until the present time.

"7. The accident that occurred on July 31, 1967 and the consequences thereof represent an intervening cause, and are not a compensable consequence of the original industrial injury.

"8. Applicant is therefore not entitled to accident benefits and compensa-

tion for the period of disability attributable to the automobile accident of July 31, 1967.

### ORDER

"IT IS ORDERED that the Record of Commission's Action entered herein on the 5th day of October, 1967, be, and the same is hereby affirmed.

Again claimant protested and again the Commission maintained its position by affirming the July 29 order. From this claimant brought a writ of certiorari to this Court. The question we must decide is whether the automobile accident arose out of and in the course of claimant's employment as required by A.R.S. § 23–1021.

We find no cases in Arizona directly in point, so we must look to other jurisdictions for persuasive authority. There, we find many analogous cases involving accidents occurring during a trip to a doctor's office necessitated by an earlier compensable injury, and although the cases are split, we believe the better reasoning to be to permit compensation. The case of Taylor v. Centex Construction Co., 191 Kan. 130, 379 P.2d 217 (1963) sets out the reasoning clearly and was summarized and commented on in Larson's Workmen's Compensation Law where the cases are discussed:

"In the simple case, however, of a trip to the doctor's office necessitated by a compensable injury, the arguments put forward by the Kansas court in the Taylor case are difficult to answer. The court noted that the employer is under a statutory duty to furnish medical care and that the employee is similarly under a duty to submit to reasonable medical treatment under the act. The provisions of the act, in turn, become by implication part of the employment contract. This being so, the better view appears to be that accidental injuries during a trip made pursuant to this statutory and contractual obligation are work connected."

Larson's W. C. Law, Vol. 1, Sec. 13.14 at page 192.80.

■■■ Under A.R.S. § 23–1026 it is provided that an employee must submit himself for medical examination at reasonable times and places when the Commission requests it, and this would include a group medical consultation. Subsection C provides for suspension of compensation if the employee refuses to submit or obstructs the examination. Considering these provisions in the light of the Taylor case, we find that the claimant was under a statutory duty to attend the consultation at the time and place set by the Commission, and, by implication, that duty as part of the Workmen's Compensation Act is part of the employment contract. Therefore, we hold the claimant was acting within the course of his employment and compensation should be given provided that his travel meets the usual tests of causation.

■■■ The term "arising out of" contained in A.R.S. § 23–1021 has been interpreted to mean there must be some causal connection between the injury and the conditions of employment. Johnson v. Arizona Highway Dept., 78 Ariz. 415, 281 P.2d 123 (1955); Sendejaz v. Industrial Commission, 4 Ariz. App. 309, 420 P.2d 32 (1966); City of Phoenix v. Industrial Commission, 8 Ariz. App. 193, 444 P.2d 750 (1968). Thus, the additional question arises in this case as to whether the causal chain was broken by a private mission in view of the fact that claimant began his journey from his vacation spot in Lakeside. In discussing the basic dual purpose rule which is cited with approval in Butler v. Industrial Comm., 50 Ariz. 516, 73 P.2d 703 (1937) and application of Barrett, 78 Ariz. 219, 278 P.2d 409 (1954), Judge Cardozo used the following language in Marks' Dependents v. Gray, 251 N.Y. 90, 93, 167 N.E. 181, 182–183 (1929):

"* * * Unquestionably injury through collision is a risk of travel on a highway. What concerns us here is whether the

risks of travel are also risks of employment. In that view, the decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils. A servant in New York informs his master that he is going to spend a holiday in Philadelphia, or perhaps at a distant place, at San Francisco or at Paris. The master asks him while he is there to visit a delinquent debtor and demand payment of the debt. The trip to Philadelphia, the journey to San Francisco or to Paris, is not a part of the employment. *A different question would arise if performance of the service were to occasion a detour, and in the course of such detour the injuries were suffered. * * *"* (Emphasis supplied)

█ From this it is obvious that the point of origin of travel is immaterial. The decisive factor in determining whether travel "arises out of" the employment is the purpose or motivation for the trip. In the instant case the Commission specifically found that the sole purpose of the claimant's journey was to attend the consultation and that finding is well supported by the evidence. Therefore, the Commission's finding that the July 31, 1967 accident represented an intervening cause and was not a compensable consequence of the original injury was erroneous and must be vacated.

█ The petitioner has argued that it was error for the Commission to suspend compensation on the first injury pending a determination of how much of the claimant's illness related to the original injury. We feel the issue is moot by reason of this Court's determination that the second injury is a compensable consequence of the first.

Award set aside.

STEVENS and CAMERON, JJ., concur.