468 P.2d 926

**William B. WHITINGTON, Petitioner,**
v.
**INDUSTRIAL COMMISSION of Arizona,**
Respondent,
**Pinal County Sheriff's Office, Respondent Employer,**
**State Compensation Fund, Respondent Carrier.**
No. 9863–PR.

Supreme Court of Arizona,
In Banc.
May 4, 1970.
Rehearing Denied June 2, 1970.

Morgan & Jerome, by D. A. Jerome, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent, Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Arthur B. Parsons, Phoenix, for respondent, State Compensation Fund.

LOCKWOOD, Chief Justice.

This case is before us on a petition to review a decision of the Court of Appeals setting aside an award of the Industrial Commission denying compensation to the claimant. The opinion of the Court of Appeals appears at 10 Ariz.App. 461, 459 P.2d 740. The opinion of the Court of Appeals is vacated, and the award of the Industrial Commission is affirmed.

Claimant is a deputy sheriff living in Florence, Arizona, and employed by Pinal County. He was injured in the course of his employment. He was ordered to attend a group medical consultation in Phoenix on August 1, 1967 so that the status of his disability could be determined. On July 27, 1967 he went to Lakeside, Arizona, to spend his vacation. He left there for Phoenix on July 31 in order to be sure to appear on time before the medical group. Just outside of Globe, Arizona, his car rear-ended the car ahead of him and re-injured his neck, which was the situs of his former injury.

Claimant was driving on the most direct route from Lakeside to Phoenix. The road from Florence to Phoenix merges with the Lakeside-Phoenix road at Florence Junction. The accident happened before claimant's car reached Florence Junction—i. e. not on the most direct route from claimant's home to Phoenix.

The only issue in this case is whether the second accident arose out of and in the course of claimant's employment, thus making it compensable.

It is quite clear at the outset that there is a conflict in the decisions of the various state courts which have considered the matter, and that the question has not previously been decided in Arizona.

Claimant's argument may be summed up by the following passage taken from his opening brief:

"It is our contention that immediately when he proceeded upon his journey toward Phoenix, he was then again in a work status and in the course of his employment, and anything that happened to him during this period must necessarily be 'during and in the course of his employment.'"

He cites cases which he claims support the principle that accidents occurring while going to and from a doctor's office for treatment, are compensable.

The Arizona Constitution, § 8, Article XVIII, A.R.S., provides that compensable injuries are those which are:

"* * * caused in whole, or in part, * * * by a necessary risk or danger of such employment, or a necessary risk or danger inherent in the nature thereof * * *."

The Commission cites cases from jurisdictions where the second injury has been

held not to be compensable, including Kiger v. Idaho Corporation, 85 Idaho 424, 380 P.2d 208.

The rationale for denying compensation for the second accident is stated in Kiger, supra, as follows:

"* * * It excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from *a hazard to which the workman would have been equally exposed apart from the employment.*" (Emphasis supplied.)

Claimant refers us to the 1966 edition of Larson's Compensation Law. Section 13.13 thereof reads:

"In the simple case, * * * of a trip to the doctor's office necessitated by a compensable injury * * * the better view appears to be that accidental injuries during a trip * * * are work connected."

However, in the same section, the author states:

"Denials have * * * issued when the purpose of the trip was not treatment by a doctor, but examination for the purposes of a workmen's compensation claim."

See Carlson v. Young, Ohio App., 171 N.E.2d 736; Douglas v. Spartan Mills, 245 S.C. 265, 140 S.E.2d 173. This, of course, is exactly the situation in the instant case.

It is universally understood that the purpose of the workmen's compensation laws is to spread the risk of injury inherent in a job, over the whole industry so that the cost of medical attention and loss of wages will be passed on by inclusion in the price of the product or service being sold by the employer, instead of having to be borne by the unfortunate individual who suffers the injury. This is a sound basis for such laws.

The policy which we have previously announced in our more recent workmen's compensation cases is consistent with our decision in the instant case. In City of Phoenix v. Industrial Commission, 104 Ariz. 120, 449 P.2d 291 we held that the Workmen's Compensation Act did not cover an employee injured on his employer's premises after his work was completed, while riding an elevator to the basement, on the way to his car in which he intended to drive home. In McCampbell v. Benevolent and Protective Order of Elks, 71 Ariz. 244, 226 P.2d 147 we held that there was no workmen's compensation coverage for a man who fell on his employer's premises at the entrance to the building in which he was about to start his work.

The decision of the Court of Appeals is vacated and the award of the Industrial Commission is affirmed.

UDALL, McFARLAND, and HAYS, JJ., concur.

STRUCKMEYER, Vice Chief Justice (dissenting).

The majority unduly restrict the application of the Workmen's Compensation Act of this State, primarily, I believe, because of the particular circumstances out of which the claimant, Whitington, re-injured his neck in the automobile accident of July 31, 1967.

It is settled beyond argument that an employee who is injured while traveling in the course of his employment has a compensable work-connected claim. Ortega v. Ed Horrell and Son, 89 Ariz. 370, 362 P.2d 744; Butler v. Industrial Commission, 50 Ariz. 516, 73 P.2d 703. And the weight of authority permits recovery where an injury is sustained in an accident while traveling *for the purpose* of visiting a doctor because of injuries incurred in the course of an industrial accident. Taylor v. Centex Construction Company, 191 Kan. 130, 379 P.2d 217; Bettasso v. Snow-Hill Coal Corporation, 135 Ind.App. 396, 189 N.E.2d 833; Goldberg v. 954 Marcy Corporation, 276 N.Y. 313, 12 N.E.2d 311; Immer and Company v. Brosnahan, 207 Va. 720, 152 S.E.2d 254. *But for* his employment, an employee would not incur the hazards of the travel.

As was held in Taylor v. Centex Construction Company, supra:

"In making the trip to the doctor's office, the hazards and risks of highway travel were incidents of his employment." 379 P.2d at 224.

The majority draw a distinction between traveling for treatment by a doctor and traveling for medical consultation by a board of doctors convened by the Industrial Commission to determine the nature and extent of the disabilities suffered. Such a whimsical distinction cannot be less than arbitrary. In Arizona by law an employee must submit to medical examinations to be eligible for workmen's compensation, A.R.S. § 23–1026. Here the fact is conceded that Whitington was making this trip from the mountains where he was on vacation solely for the purpose of attending the medical consultation. Had Whitington not suffered injuries while working, the subsequent travel would not have been necessary.

I am of the opinion that the second accident was constitutionally " * * * a necessary risk or danger inherent in the nature * * *" of employment.

I dissent.