656 P.2d 1279

**Michael K. SCHELLER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**The Anderson Agency, Ltd., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 2716.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 23, 1982.

Machmer, Schlosser & Meitz, Ltd. by Ronald M. Meitz, Phoenix, for petitioner.

James A. Overholt, Acting Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund by Robert F. Retzer, Phoenix, for respondents The Anderson Agency, Ltd. and State Compensation Fund.

## OPINION

JACOBSON, Presiding Judge.

The sole issue raised is whether the Administrative Law Judge correctly determined that the petitioner employee's injuries did not arise out of and in the course of his employment.

In reviewing the facts, we apply the well-established rule that the evidence must be viewed in a light most favorable to sustaining the Commission's award. *Micucci v. Industrial Commission,* 108 Ariz. 194, 494 P.2d 1324 (1972). Petitioner, Michael K.

Scheller (claimant) was employed by respondent employer Anderson Agency, Ltd., (employer) as a security guard for the premises of the Place One Apartments (apartments). On December 8, 1980, while patrolling the grounds of the apartments, claimant observed youths across the street breaking into a rental business. He began shouting at the youths, who ran away. Claimant chased them, threw his baton in order to fell one of the youths, and in the process himself fell, and injured his shoulder.

After the usual procedural steps, a formal hearing was held, at which time the Commission received testimony from claimant, his former supervisor Ronald Ratliff, and the owner of the employer, Howard Anderson, Jr. Claimant testified to his actions on the date of his injury, the instructions he had received, and his understanding of the instructions not to leave the "post." Ratliff testified as to the regulations and instructions given to each new employee. He testified they were instructed not to leave the "post." They were further instructed that if they were to see a crime being committed against someone else's property, they were "to observe what they could, get any kind of description that they could, and to call the civilian police and our dispatcher and give them the information." He further testified that the exceptions to leaving the post were to obtain a relief officer or to perform life-saving first aid and to call an ambulance. Anderson testified generally as to his understanding of the rules and regulations of the company.

The Administrative Law Judge issued an award upon hearing for non-compensable award, concluding that the injury did not arise out of and in the course of his employment. This decision was affirmed on administrative review and special action review to this court then followed.

Petitioner first argues that he never received the instruction not to leave the "post," and if he did, he understood "post" to include a broader area than "premises" and therefore reacted reasonably to the burglary across the street. In the response,

respondents argue that claimant had been given specific instructions not to leave his post and what to do upon witnessing crime against property off the premises of the apartments, and that he acted unreasonably in acting contrary to those instructions. Viewing the facts in the light most favorable to the respondent, we find Ratliff's testimony that these instructions were communicated to new employees constituted sufficient evidence that the instructions were communicated to claimant. The issue then becomes whether the violation of these instructions was sufficient to constitute an abandonment of the employment.

■ To be compensable, an accident must arise out of and in the course of the employment. *Royall v. Industrial Commission,* 106 Ariz. 346, 476 P.2d 156 (1970). The term "arising out of" is said to refer to the origin or cause of the injury, while "in the course of" refers to the time, place, and circumstances of the accident in relation to the employment. *Peter Kiewit Sons' Company v. Industrial Commission,* 88 Ariz. 164, 354 P.2d 28 (1960). In this case we are primarily concerned with whether the accident occurred "in the course of" the employment. If we determine that the pursuit of fleeing criminals was in the course of the employment, there is a causal relation between the pursuit and the accident. Further, there is no dispute that the accident occurred within the time parameter of claimant's employment.

Claimant primarily relies upon this court's decision in *Food Products Corp. v. Industrial Commission,* 129 Ariz. 208, 630 P.2d 31 (1981) in support of his argument that the accident was in the course of employment. In *Food Products,* this court held that despite the lack of express or implied permission by the employer, an employee truck driver who was injured while giving assistance to a stranded motorist was injured in the course of his employment. However, to find coverage in the present case would require an expansion upon the *Food Products* holding. We would have to extend coverage to an employee injured while conducting non-employment related activities in contravention of the express instructions of his employer, as opposed to acting in the absence of relevant instructions.

■ Generally, where an employee undertakes an action which is specifically prohibited, notwithstanding the fact that the employee is attempting to advance the employer's work, that action is normally held to be outside the course of employment. *Thomas v. Industrial Commission,* 54 Ariz. 420, 96 P.2d 407 (1939). 1A A. Larson, *Workmen's Compensation Law,* § 27.14, at 5–261. However, if the prohibition only relates to the manner of accomplishing the work, as compared to a prohibition limiting the scope, ambit, or sphere of work, then the prohibited act may be within the scope of employment. *Goodyear Aircraft Corp. v. Gilbert,* 65 Ariz. 379, 181 P.2d 624 (1947); *Schroeder v. Industrial Commission,* 132 Ariz. 455, 646 P.2d 886 (App.1982). We must determine whether the two distinct sets of express instructions in the case at bar fall within this exception.

■ One instruction was the express prohibition not to leave the post except under certain limited conditions. The second instruction was, in the case of a crime against other's property, occurring on other premises, to *observe* the situation, try to identify the suspects, and phone the police using the off-premises phone. This instruction is an implied prohibition against taking any other action.

The Administrative Law Judge relied upon a violation of both instructions in finding that "when the applicable legal principles are considered in relation to the factual situation of this claim, the evidence reasonably establishes that when the applicant was injured he had abandoned his employment with the defendant employer." Since we find that violation of the second instruction dealing with off-premises criminal activity justified the Administrative Law Judge's award, we need not deal with the "post of duty" violation. In this regard, *see* 1A A. Larson, *Workmen's Compensation Law,* § 31.23 at 6–24 to 6–25.

The second instruction was that he was to observe, attempt to identify the culprits, and go to the off-premises phone and report to the police. While claimant was not expressly advised not to give pursuit to the burglars, the necessary import of the instruction was that claimant was to follow the instructions and to take no other action. Therefore, it was not the claimant's action in leaving of the premises, but rather his disregard of the explicit instructions governing the situation at hand, which constituted the abandonment of the employment.

As noted above, the general rule is that action contrary to instructions precludes coverage, unless the prohibition merely relates to the manner of doing work rather than its scope or ambit. We feel that the instructions in this case fall in the latter category. This is not the case of an employee using a forbidden method of transport to accomplish his assigned task. Nor was it a case where the employee was taking a forbidden "short-cut" to save time. *City Products Corporation v. Industrial Commission,* 23 Ariz.App. 362, 533 P.2d 573 (1975). Here the employee substantially attempted to enlarge the scope of his duties to chasing criminals burglarizing other premises rather than observing and phoning the police as he had been specifically instructed to do.

We find the case most closely on point to be *Thomas v. Industrial Commission, supra.* In *Thomas,* the claimant's employer had become dissatisfied with the amount of traveling about the state the claimant had done in his auditing job. The supervisor told claimant in express terms that claimant was not to travel out of the office on state business without his express permission. Claimant then traveled to Tucson for some business in connection with his official duties. He lost control of his car while en route and suffered serious injuries. The Arizona Supreme Court held that the express prohibition showed that the claimant was not in the course of his duties while injured and affirmed the award denying compensation.

We find particularly important the Supreme Court's concern in *Thomas* that to allow an employee to recover while injured doing an act expressly prohibited by the employer "would be to make the employee, rather than the employer, the manager of the business, with no power in the latter to protect himself from liability or loss." 54 Ariz. at 430, 96 P.2d at 411. In the case at bar, claimant could have been harmed even more seriously, or died, in the course of his pursuit of the criminals. Certainly, pursuing criminals involves a risk of injury comparable to, if not exceeding, the risk of injury to the claimant in *Thomas.* Similarly, the employer here should be able to protect himself against liability for that risk by express instructions to the employee.

While certainly the actions of the claimant were commendable, that does not mean they are compensable. Where the employer instructs the employee to do one thing in a particular situation and he does the other, we cannot say his actions are reasonable under the circumstances.

For the foregoing reasons, the award is affirmed.

BROOKS and CONTRERAS, JJ., concur.