214 P.3d 1019

**Khamtamh KEOVORABOUTH, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Rockford Corporation, Respondent Employer,**

**Wausau Business Insurance, Respondent Carrier.**

**No. 1 CA–IC 08–0013.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 4, 2009.

Review Denied Jan. 5, 2010.

---

Law Offices of Thomas C. Wilmer By Thomas C. Wilmer, Phoenix, Attorneys for Petitioner Employee.

Cross & Lieberman, PA By Donald L. Cross, Phoenix, Attorneys for Respondents Employer and Carrier.

## OPINION

GEMMILL, Judge.

¶1 This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review for a non-compensable claim. Petitioner employee Khamtamh Keovorabouth argues that her injuries sustained in an automobile accident while traveling to her attorney's office to prepare for her deposition in a pending ICA proceeding are compensable. We find this case is controlled by *Whitington v. Industrial Commission*, 105 Ariz. 567, 468 P.2d 926 (1970), and we conclude that her injuries did not arise out of and in the course of employ-

ment. We therefore affirm the administrative law judge's award of noncompensability.

## BACKGROUND

¶ 2 On January 5, 2006, Keovorabouth was injured in an automobile accident while traveling to her attorney's office. She filed a workers' compensation claim against respondent employer Rockford Corporation, which Rockford's insurer Wausau Business Insurance denied for benefits. Keovorabouth filed a timely request for a hearing. Thereafter, in lieu of a hearing the parties agreed to submit a joint stipulation of facts. *See* Ariz. Admin. Code R20–5–152 (authorizing stipulations by the parties after a hearing request is filed).

¶ 3 The stipulated facts are summarized as follows: 1) in 2005, Keovorabouth filed a workers' compensation claim alleging she was injured on May 20, 2005, in the course and scope of her employment with Rockford; 2) in August 2005, Wausau issued a Notice of Claim Status denying her claim for benefits, and Keovorabouth filed a timely request for a hearing; 3) on January 5, 2006, Keovorabouth was scheduled to have her deposition taken by counsel for Rockford and Wausau at his law office; 4) Keovorabouth's attorney arranged for her to meet in his office at noon that day to prepare for the deposition; 5) as Keovorabouth was traveling in a direct route to her attorney's office, she was involved in a motor vehicle accident at approximately 11:10 a.m. on January 5, 2006; 6) as a result of the accident, Keovorabouth sustained personal injuries requiring medical treatment and resulting in loss of time from work; 7) in January 2007, the ICA determined Keovorabouth's May 20, 2005 claim was noncompensable.[1]

¶ 4 Keovorabouth filed her second workers' compensation claim against Rockford in December 2006 alleging a January 5, 2006 date of injury. Keovorabouth asserted the injury was compensable because it had "occurred in the course of satisfying her statutory duty to appear and testify at [the] deposition as compelled by her employer." In support of her argument, Keovorabouth cited *Joplin v. Industrial Commission,* 175 Ariz. 524, 858 P.2d 669 (App.1993), in which this court stated that an injury sustained by a claimant in an automobile accident while traveling for medical treatment for an earlier industrial injury is compensable.

¶ 5 After considering the stipulated facts and the parties' post-hearing memoranda, the administrative law judge ("ALJ") found Keovorabouth's claim noncompensable. After noting that "no Arizona case has addressed the specific factual circumstances" in this case, the ALJ focused on language from *Joplin* stating that an injury in an automobile accident "after an industrial injury may be a compensable consequence of the industrial injury" unless "the causal connection to the industrial injury is too attenuated to support compensability." 175 Ariz. at 528, 858 P.2d at 673. The ALJ then stated:

> I find and conclude that the causal connection between applicant's travel to attend a required deposition, necessary only as a result of her protest of her non-compensable claim for DOI: 5–20–05, is simply too attenuated to sustain her burden of proving that liability should be imposed on defendants as a new industrial injury claim for DOI: 1–5–06.[2]

¶ 6 Keovorabouth timely filed a request for review, and the ALJ summarily affirmed the award. Keovorabouth next brought this special action. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(2) (2003), 23–951(A) (1995), and Arizona Rule of Procedure for Special Actions 10.

## ANALYSIS

¶ 7 It is the claimant's burden to prove all elements of a compensable claim.

---

1. This court affirmed the ALJ's award of noncompensability with respect to the May 20, 2005 injury. *See Keovorabouth v. Indus. Comm'n,* 1 CA–IC 07–0019, 2008 WL 4192722 (Ariz.App. Mar. 13, 2008) (mem.decision).

2. The ALJ also found that Keovorabouth "did not substantially deviate by traveling to her attorney's office on her way to be deposed." In light of this factual determination, we analyze the legal causation issue as though she was on her way directly to the deposition.

*Toto v. Indus. Comm'n,* 144 Ariz. 508, 512, 698 P.2d 753, 757 (App.1985). Compensability requires both legal and medical causation. *Grammatico v. Indus. Comm'n,* 211 Ariz. 67, 71, ¶ 19, 117 P.3d 786, 790 (2005); *DeSchaaf v. Indus. Comm'n,* 141 Ariz. 318, 320, 686 P.2d 1288, 1290 (App.1984). A claimant establishes legal causation by demonstrating that the accident "arose out of" and "in the course of" employment. *Grammatico v. Indus. Comm'n,* 208 Ariz. 10, 12–13, ¶ 8, 90 P.3d 211, 213–14 (App.2004), aff'd, 211 Ariz. 67, 117 P.3d 786 (2005); *see also* A.R.S. § 23–1021(A) (Supp.2006). Medical causation is established by showing that the accident caused the injury. *Grammatico,* 211 Ariz. at 71, ¶ 20, 117 P.3d at 790; *DeSchaaf,* 141 Ariz. at 320, 686 P.2d at 1290.

 ¶ 8 Rockford and Wausau challenge the existence of legal causation: whether the accident arose out of and in the course of employment. "Arising out of" refers to origin or cause of the injury, while "in the course of" refers to time, place, and circumstances of the injury in relation to the employment. *Peter Kiewit Sons' Co. v. Indus. Comm'n,* 88 Ariz. 164, 168, 354 P.2d 28, 30 (1960); *Scheller v. Indus. Comm'n,* 134 Ariz. 418, 420, 656 P.2d 1279, 1281 (App.1982). When the material facts are undisputed, the question whether a claimant's injury arose out of and in the course of her employment is a question of law that we review independently. *See Finnegan v. Indus. Comm'n,* 157 Ariz. 108, 109, 755 P.2d 413, 414 (1988).

██ ¶ 9 As the ALJ noted, Arizona courts have not addressed whether an injury sustained in an automobile accident while traveling to a deposition in a pending ICA proceeding constitutes a compensable industrial injury. Prior Arizona cases provide guidance, however, and our analysis begins with our supreme court's decision in *Whitington.*

¶ 10 The claimant in *Whitington* was a Pinal County Deputy Sheriff who had sustained a compensable industrial injury. 105 Ariz. at 568, 468 P.2d at 927. He was ordered to attend an Independent Medical Examination ("IME") in Phoenix to determine the status of his industrially-related injuries. *Id.* While driving to Phoenix, he was injured in an automobile accident. *Id.* The issue presented was whether his accident arose out of and in the course of his employment such that his accident-related injuries would be compensable. *Id.*

¶ 11 In denying compensability, the supreme court quoted with approval from the 1966 version of Professor Larson's Workers' Compensation Law Treatise, which states that "the better view" is that accidental injuries incurred during a trip to a doctor's office for treatment of a compensable industrial injury are compensable but that compensation has been denied when the purpose of the trip was for medical examination rather than treatment.[3] 105 Ariz. at 569, 468 P.2d at 928.

¶ 12 In *Joplin,* this court applied the principles recognized in *Whitington* to the inverse factual situation. The claimant in *Joplin* sustained an industrial injury to his left foot, and his treating physician recommended physical therapy. 175 Ariz. at 525, 858 P.2d at 670. To receive this treatment, Joplin commuted from his home to a hospital. *Id.* During one of his commutes, he sustained injuries in an automobile accident while driving home several hours after his physical therapy session had ended. *Id.* He filed a workers' compensation claim for these injuries, alleging they were a compensable consequence of the industrial injury. *Id.*

¶ 13 The court concluded that accidental injuries sustained during travel to obtain medical treatment for an industrial injury should be compensable.[4] 175 Ariz. at 527,

---

3. Specifically, the *Whitington* court quoted the following portion of the treatise:

 In the simple case ... of a trip to the doctor's office necessitated by a compensable injury ... the better view appears to be that accidental injuries during a trip. are work connected.... Denials have ... issued when the purpose of the trip was not treatment by a doctor, but examination for the purposes of a workmen's compensation claim.

1 Arthur Larson, *The Law of Workmen's Compensation,* § 13.13 (1966). The current version of Larson's treatise retains this language. *See* 1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 10.07 (2008).

4. Nevertheless, Joplin's injuries were not compensable because the length of time between the end of his therapy and the automobile accident constituted a "substantial deviation" and broke

858 P.2d at 672. In reaching this conclusion, the court recognized that

> [a]lthough our supreme court has denied coverage for travel to an independent medical examination, *Whitington v. Industrial Comm'n,* the court has never determined that travel for treatment is not covered. The A.L.J. concluded that *Whitington* did not apply to travel for treatment because the supreme court distinguished travel for independent medical examinations from travel for treatment. We agree.

*Id.* (citations omitted).

¶ 14 Together, *Whitington* and *Joplin* establish that injuries sustained while seeking treatment for compensable injuries are themselves compensable. Injuries sustained while a claimant is traveling to an examination for the purpose of pursuing a workers' compensation claim, however, are generally not compensable. In *Joplin,* the court explained the rationale behind this distinction, in part, as follows. Under Arizona's Workers' Compensation Act, employers are required to furnish medical care to injured employees, and employees are similarly under a duty to submit to reasonable medical treatment. 175 Ariz. at 527, 858 P.2d at 672; *see* A.R.S. §§ 23–1062 and 1026. An employee's travel for this treatment is therefore "necessary," and is analogous to a " 'special errand' impliedly authorized by the employer." 175 Ariz. at 528, 858 P.2d at 673. Injuries sustained while on a "special errand" for the employer are widely acknowledged to be compensable. *See* 1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 14.05 (2008); *see also Tooley v. Weisbarth,* 66 Ariz. 230, 234, 186 P.2d 638, 640 (1947).

¶ 15 On the other hand, we believe that travel for the purpose of attending a deposition is akin to travel for the purpose of attending an IME. In both instances, the employee is traveling to pursue a workers' compensation claim against the employer. Unlike the duty to submit to reasonable medical care, an employee is under no duty to pursue a compensation claim; therefore, unlike travel for medical treatment, travel to a deposition is not "impliedly authorized by the

the chain of causation. *Joplin,* 175 Ariz. at 528,

employer" as part of the employment. *Joplin,* 175 Ariz. at 528, 858 P.2d at 673.

¶ 16 Keovorabouth contends that she was "required" to attend the deposition because the ALJ could have sanctioned her if she failed to attend. *See* A.A.C. R20–5–145(E) (ALJ may sanction party who fails to appear at properly noticed deposition). As noted above, however, she was not obligated to pursue such a workers' compensation claim in the first instance.

¶ 17 In determining noncompensability under these facts, we recognize that workers' compensation law inevitably requires that lines be drawn between compensable and noncompensable injuries. *See generally Lou Grubb Chevrolet, Inc. v. Indus. Comm'n,* 174 Ariz. 23, 26, 846 P.2d 836, 839 (App.1992) (stating that, in workers' compensation cases, "a line must be drawn somewhere in cases involving later injuries"). When a claimant is injured while traveling to a deposition related to the claimant's workers' compensation claim, any causal connection with the industrial injury will usually be too attenuated to support compensability.

¶ 18 We agree with the Minnesota Supreme Court's reasoning in *Hendrickson v. George Madsen Constr. Co.,* 281 N.W.2d 672 (Minn.1979). In that case, Hendrickson suffered a compensable work-related injury. *Id.* at 673. He later filed a petition for ongoing benefits, which was denied. *Id.* At the compensation hearing, Hendrickson suffered a myocardial infarction and died. *Id.* Although noting that injuries sustained while traveling for medical treatment are generally compensable, the court found the myocardial infarction did not arise out of and in the course of his employment:

> Pursuing a compensation claim against the employer, however, is not analogous to traveling to or from the medical doctor for treatment of a compensable injury. The rationale of cases allowing compensation for injuries during trips to or from the doctor is frequently stated in terms of the employer's obligation to provide medical treatment (often authorized on company time), and the employee's obligation to re-

858 P.2d at 673.

ceive treatment and thereby avoid further medical complications. Thus, in many cases the travel is actually a "special errand." These considerations are not involved when a person pursues a compensation claim and undertakes a lawsuit against the employer. Our conclusion is supported by the few decisions addressing the issue, which generally indicate that injuries sustained while pursuing a workers' compensation claim are not compensable.

*Id.* at 674–75 (citations omitted).

¶ 19 Keovorabouth argues that *Whitington* is of questionable authority because two Arizona cases it cites approvingly have since been overruled or disapproved and the foreign authorities upon which it relies are of questionable validity. She also asserts that *Whitington* is inconsistent with *Joplin.* We first note that *Whitington* has not been overruled and we are, of course, bound by the decisions of our supreme court. *See Maricopa County Neighborhood Youth Corps v. Indus. Comm'n,* 26 Ariz.App. 350, 352, 548 P.2d 844, 846 (App.1976). We also find that *Whitington* and *Joplin* may be harmonized and that they accurately reflect the current state of the law in Arizona. Injuries sustained during travel to receive medical treatment for a compensable industrial injury are usually compensable. Injuries sustained during travel for litigation purposes are generally not compensable.

¶ 20 Finally, our conclusion here accords with the supreme court's recognition in *Whitington* that our workers' compensation system is intended "to spread the risk of injury inherent in a job." 105 Ariz. at 569, 468 P.2d at 928. Traveling for treatment of a compensable injury is a job-related risk. But the connection between the risk of injury inherent in a job and the risk of injury while traveling to an IME or a deposition is usually too attenuated to support compensation.[5]

## CONCLUSION

¶ 21 For the foregoing reasons, we affirm the ALJ's award of noncompensability.

5. We note that the ALJ found it significant that the underlying 2005 injury claim was noncompensable. We have not chosen to base our decision on this fact, and our decision would be the same if the underlying claim was compensable.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge, and DANIEL A. BARKER, Judge.

We do not address in this opinion the potential compensability of an injury sustained during travel for treatment of a prior industrial injury later determined to be noncompensable.