NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CANYON PLAZA RESORT, *Petitioner Employer*,

COPPERPOINT WESTERN INSURANCE COMPANY, *Petitioner Carrier,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

CORI ACOSTA, *Respondent Employee*.

No. 1 CA-IC 15-0050
FILED 5-5-2016

---

Special Action - Industrial Commission

ICA Claim No.  20143-440069
Carrier Claim No. 14W02045
Hon. Robert F. Retzer, Jr., Administrative Law Judge

**AWARD AFFIRMED**

---

COUNSEL

CopperPoint Mutual Insurance Company, Phoenix
By John W. Main
*Counsel for Petitioners Employer and Carrier*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent ICA*

Cori Acosta, Flagstaff
*Respondent Employee*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Lawrence F. Winthrop joined.

---

**K E S S L E R**, Judge:

¶1        This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review for a compensable claim. The petitioner employer, Canyon Plaza Resort ("Canyon"), presents one issue on appeal: whether the administrative law judge ("ALJ") erred by applying the unexplained fall presumption to find the respondent employee's ("Claimant's") injury compensable.1  Because we find that the ALJ appropriately relied on the unexplained fall presumption, we affirm the award.

### JURISDICTION AND STANDARD OF REVIEW

¶2        This Court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2016), 23-951(A) (2012), and Arizona Rules of Procedure for Special Actions 10.2  In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law de novo.  Young v. Indus. Comm'n, 204 Ariz. 267, 270, ¶ 14 (App. 2003).  We consider the evidence in a light most favorable to upholding the ALJ's award. Lovitch v. Indus. Comm'n, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

---

1 Claimant did not file an answering brief, so this matter was submitted for decision on the record and the opening brief. ARCAP 15(a)(2).
2 Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**FACTUAL AND PROCEDURAL HISTORY**

¶3        At the time of injury, Claimant worked as a houseman for Canyon.  He fell over a balcony railing on either the second or third floor and landed face down on the ground below.  Claimant sustained a broken nose, broken ribs, an eye laceration, and a compression fracture of his T-6 vertebra.  He filed a workers' compensation claim, which was denied for benefits.  Claimant timely requested a hearing, and the ALJ held one hearing for testimony from Claimant and two coworkers.

¶4        The ALJ entered an award for a compensable claim.  Canyon timely requested administrative review, but the ALJ summarily affirmed the award.  Canyon brought this appeal.

**DISCUSSION**

¶5        The statutory elements of compensability are an injury by accident arising out of and in the course of employment.  See A.R.S. § 23-1021(A).  "Arising out of" refers to the origin or cause of the injury, while "in the course of" refers to the time, place, and circumstances of the injury in relation to the employment.  See, e.g., Peter Kiewit Sons' Co. v. Indus. Comm'n, 88 Ariz. 164, 168 (1960); Scheller v. Indus. Comm'n, 134 Ariz. 418, 420 (App. 1982).  It is the claimant's burden to prove all elements of a compensable claim.  E.g., Toto v. Indus. Comm'n, 144 Ariz. 508, 512 (App. 1985).

¶6        In this case, the ALJ relied on the unexplained fall presumption to find Claimant's injuries compensable.  An unexplained fall arises from an unknown cause or from a cause that can be attributed neither to the claimant personally nor to the employment.  See 1 Arthur Larson et al., Larson's Workers' Compensation Law ("Larson") § 7.04[1], at 7-28 to -36 (2015).  An unexplained fall is rebuttably presumed to "arise out of" employment, if the fall occurred "in the course of" employment.  See Circle K Store No. 1131 v. Indus. Comm'n, 165 Ariz. 91, 96 (1990); Arizona Workers' Compensation Handbook ("Handbook") § 3.3.4, at 3-14 to -15 (Ray J. Davis, et al., eds., 1992 and Supp. 2015).

¶7        Canyon argues that the unexplained fall presumption does not apply in this case because Claimant's employment did not place him in the "particular place at the particular time" that he fell and was injured.  Claimant testified that his date of injury was his first day of work, and he was training with a coworker.  He stated that his job included removing used towels and linens from guest rooms, vacuuming, and cleaning windows and the hallways.

¶8          In the worker's report of injury, Claimant stated he "fell 3 stories using a ladder. Don't remember anything else. Not even sure how it happened." Claimant testified that the last thing he remembers before being in the hospital is that he was vacuuming an interior hallway, but "I think maybe I got sidetracked and went to go clean something with a ladder in the stairwell or something like that."

¶9          Claimant testified that his injury occurred in the afternoon, after lunch. He was working alone at the time of his injury, and he does not know his exact location immediately before the fall. Claimant agreed that he was 5'7" tall, and the balcony railings were above his waist level. He testified that he has a condition (ADHD) that makes it difficult for him to remain calm and focus. Although he had taken medication for this condition in the past, he was not taking anything at the time of his injury.

¶10         Daniel Bahe testified that he worked in housekeeping at the time of Claimant's injury. On the date of injury, he was cleaning a guest room when he heard Claimant call out. He went to investigate and found Claimant sitting under a tree outside the hotel. Mr. Bahe stated that it appeared Claimant had fallen through a tree, because it had broken branches that had not been broken before.[3] He testified that he is 5'9", and the balcony railings were high enough to prevent someone from falling over them.

¶11         Donavin Freeman testified that he worked as a houseman at Canyon, and he was training Claimant on November 18, 2014. He stated that he was not with Claimant at the time he was injured. They had split up to check each hotel floor for linens, and he had sent Claimant to another building. Mr. Freeman stated that as he got to the third floor, he heard Claimant groaning and went to investigate. He found Claimant lying face down on the ground dazed and bleeding, and he went to get help. Mr. Freeman testified that the houseman job did not require Claimant to be in close proximity to the balcony railing or at risk of falling over. He noted that all of the laundry bins and maid carts had been put away and there were no ladders present.

¶12         Canyon argues that Claimant has not satisfied the "in the course of" employment requirement. It bases this argument on Mr. Freeman's testimony that the houseman work did not require Claimant to be in close proximity to the balcony railings, and Mr. Bahe's testimony that

---

[3] Canyon filed photos of the hotel balconies, railings, and the tree.

the railings were high enough to prevent falls. By implication, it appears to argue that any fall must have been intentional.

¶13        In that regard, we find Canyon's view of the time, place and circumstances test to be too narrow. Claimant's injury occurred at work, during work hours, and while Claimant was still on duty. There was no evidence that Claimant had any intention of injuring himself. Further, Claimant testified that he had no recollection of what he was doing at the time he fell or how it happened.4  The unexplained fall doctrine applied precisely because there was no explanation for the events leading up to Claimant's injury.

¶14        We find guidance in Larson:

> If the employee, in the course of employment, engages in an utterly perplexing act for which no personal or employment motive can be deciphered, the neutral-risk principle should control and the employment connection supplied by the presence of the act within the course of employment should tip the scale in favor of compensability.

¶15        *Larson*, *supra*, § 7.04[2][c] at 7-46, *quoted in*, *Bennett v. Indus. Comm'n*, 163 Ariz. 534, 538 (App. 1990).

¶16        We are mindful that the Arizona Workers' Compensation Act must be liberally construed to effectuate its purpose of placing the burden for industrial injuries on industry. *Circle K Store No. 1131*, 165 Ariz. at 96. For all of the foregoing reasons. the award is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

4 The ALJ did not make an express credibility finding. *See Holding v. Indus. Comm'n*, 139 Ariz. 548, 551 (App. 1984) (stating the ALJ is the sole judge of witness credibility); *but see Pearce Dev. v. Indus. Comm'n*, 147 Ariz. 582, 583 (1985) (concluding the ALJ's credibility findings were implicit in the ALJ's award).