NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ERNESTO LUEVANO, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

ELPIDIO VEGA RANGEL, *Respondent Employee*,

SPECIAL FUND DIVISION/NO INSURANCE SECTION,
*Respondent Party in Interest*.

No. 1 CA-IC 17-0040
FILED 1-30-2018

Special Action - Industrial Commission
ICA Claim No. 20151-180082
Carrier Claim No. None
Gaetano J. Testini, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Hendrickson & Palmer, P.C., Phoenix
By Adam P. Palmer
*Counsel for Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent*

Elpidio Vega Rangel, Phoenix
*Respondent Employee*

Special Fund Division/No Insurance Section
By Stephen D. Ball
*Counsel for Respondent Party in Interest*

---

**MEMORANDUM DECISION**

---

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

**W I N T H R O P**, Presiding Judge:

¶1        This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon administrative review finding Claimant's injury to be work-related, and thus, a compensable claim.  Two issues are presented on appeal: (1) whether the respondent employee's ("Claimant") injury arose out of and in the course of his employment; and (2) whether the administrative law judge ("ALJ") erred in his resolution of the lay witness conflicts.  Because we find no error in the ALJ's resolution of the conflict in witness testimony, and that reasonable evidence of record supports the award, we affirm.

**JURISDICTION AND STANDARD OF REVIEW**

¶2        This court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2), 23-951(A), and Arizona Rules

of Procedure for Special Actions 10.[1]  In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings but review questions of law *de novo*.  *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003).  We consider the evidence in the light most favorable to upholding the ALJ's award.  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105 (App. 2002).

## FACTS AND PROCEDURAL HISTORY

**¶3**         Beginning in 2009, Claimant, in exchange for rent, worked as a handyman for the uninsured petitioner employer, Ernesto Luevano.  Claimant lived in one of nine apartments in a complex owned by Luevano.  Claimant's duties included taking care of the grounds, making repairs, and collecting and depositing the rents.

**¶4**         On November 30, 2014, at 3 a.m., Claimant received a phone call from a tenant stating that he thought there was someone in the apartments' parking lot trying to steal something.  Claimant went outside to investigate and got into a verbal altercation with a group of people having a party and bonfire in the backyard of the property next door to the complex.  This culminated in a physical altercation, during which Claimant was shot three times.

**¶5**         Claimant filed a workers' compensation claim, which was denied for benefits.  He timely requested an ICA hearing, and at the hearing both Claimant and Luevano testified.  Because he concluded that Luevano was not Claimant's employer, the ALJ entered an award for a non-compensable claim.  Claimant requested administrative review, but the ALJ summarily affirmed the award.  Claimant appealed to this court, and, finding as a matter of law that Luevano was Claimant's employer, we set aside the ALJ's award and remanded to the ICA for a new hearing on the issue of whether those injuries arose out of the course and scope of such employment.  *Rangel v. Indus. Comm'n of Ariz.*, 1 CA-IC 16-0005, 2016 WL 6080588 (Ariz. App. Oct. 18, 2016) (mem. decision).

**¶6**         On remand, a different ALJ conducted a hearing at which Claimant, Luevano, and one of the apartment complex tenants testified.  Claimant testified that, on the night of his injury, he had ingested some alcohol and methamphetamines but was not impaired.  Claimant stated that he had been asleep for several hours when he received the tenant's phone call and got up to investigate.

---

[1]         Absent material revision after the relevant dates, we cite the current version of the statutes and rules.

¶7          Claimant testified that when he went outside, none of the tenants were present, and he did not see anyone else.  Because there were still people in the backyard next door to the apartment complex, however, Claimant went over to the fence and called to them to find out if they had seen anything.  They were apparently offended by his inquiry, and became verbally abusive.  Claimant responded in kind, and several of the partygoers came over to the apartment complex parking lot to confront him.  The quarrel escalated and Claimant was shot.

¶8          Claimant acknowledged that Luevano had never specifically instructed him to provide security at the apartments, but if a tenant called him, he would investigate.  Claimant stated that Luevano had previously told him to remove trespassers and troublemakers from the premises, and on occasion, Claimant had called the police for this purpose.  Claimant also offered into evidence certain letters authored by Luevano that detailed Claimant's job duties:

> [Claimant] works for me while living there, he does the cleaning around the property.  Helps with all maintenance and repairs, painting and so on, *helps keep an eye on things, watching that everything is in order and no unwanted activities take place.*

(Emphasis added.)[2]

¶9          Isabelle Sanchez, a former tenant of the apartments, testified that on the night in question she heard arguing in Spanish right outside her apartment at the front of the property, followed by gunshots.  Although she did not know whether Claimant provided security at the apartments, she stated that "he did everything there."  She recalled another instance when Claimant handled an argument at the back of the property.

¶10          Luevano testified that, beginning in 2009, Claimant had performed handyman work at the apartments in exchange for rent.  Regarding security issues, Luevano stated that he had instructed Claimant to always call the police and not to confront anyone or take the law into his own hands. Luevano testified that it was Claimant's job to watch over the property, not people.

---

[2]          In reaching an award, the ALJ considers all relevant evidence, both testamentary and documentary.  *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975).

**¶11**        Following the hearing, the ALJ entered an award for a compensable claim. Luevano timely requested administrative review, and the ALJ summarily affirmed the award. This special action appeal followed.

## ANALYSIS

**¶12**        Luevano asserts that Claimant's injury did not arise out of and in the course of his employment because security was not part of his job duties, and that the third-party assault was a purely personal confrontation.[3] To establish a compensable claim, Claimant had the burden of proving that he had sustained an injury by an accident arising out of and in the course of his employment. *See* A.R.S. § 23-1021(A).

**¶13**        "Arising out of" refers to the origin or cause of the injury, while "in the course of" refers to the time, place, and circumstances of the injury in relation to the employment. *See, e.g., Peter Kiewit Sons' Co. v. Indus. Comm'n*, 88 Ariz. 164, 168 (1960); *Scheller v. Indus. Comm'n*, 134 Ariz. 418, 420 (App. 1982). Assault-related injuries are only compensable when the altercation arises out of a work-related dispute. *See, e.g., Colvert v. Indus. Comm'n*, 21 Ariz. App. 409, 410-11 (1974).

**¶14**        In this case, the ALJ found, in pertinent part:

> 10. I find [Claimant] is an employee of Mr. Luevano. I further find that the four letters submitted by [Claimant], and signed by Mr. Luevano set out his duties to include handling cash, making deposits, cleaning around the property, maintenance and repairs, painting, *keeping an eye on things, making sure no 'unwanted activities' take place*.
>
> 11. I do not find Mr. Luevano to be a credible witness, and any conflict[s] in the testimony between him and [Claimant] are resolved in [Claimant's] favor.
>
> 12. I find [Claimant] was within the course and scope of his employment when he went to ask the neighbors if they were aware of the potential theft of the property. I do not find that

---

3        Claimant reported to the investigating police officers that on the night of the assault, he was walking around the apartments to be sure that they were secure, as part of his work for Luevano, and he ran into a group of males from a party next door that he thought might have been trying to steal bicycles.

the altercation was a result of a personal conflict imported to
the workplace.

(Emphasis added.) Based on these findings, to which we defer, Claimant
was assaulted while "keeping an eye on things" at the apartments and
trying to insure "no unwanted activities," such as burglary, occurred. For
these reasons, his injury arose out of and in the course of his employment
and was not the result of a purely personal confrontation.

¶15        Luevano next argues that the ALJ erred by finding Claimant
credible. It is well settled in Arizona that the ALJ "is the sole judge of
witness credibility." *Holding v. Indus. Comm'n*, 139 Ariz. 548, 551 (App.
1984). In resolving inconsistencies in a witness' testimony, the ALJ can
"accept as true either statement, or, on account of the discrepancy . . . [can]
disregard the testimony of the witness entirely." *Royal Globe Ins. Co. v.
Indus. Comm'n*, 20 Ariz. App. 432, 435 (1973).

¶16        We have found only two situations in which an ICA award
based on an ALJ's credibility determination has been successfully vacated
on appeal. In *Adams v. Industrial Commission*, 147 Ariz. 418 (App. 1985), the
Arizona Supreme Court set aside the award where the ALJ had not had the
opportunity to observe a witness whom the ALJ in the award deemed not
credible. Similarly, in *Ratley v. Industrial Commission*, 74 Ariz. 347 (1952),
the Supreme Court set aside an award when the ALJ arbitrarily rejected
uncontradicted testimony that was corroborated by a disinterested witness.

¶17        In this case, the ALJ had full opportunity to observe and
evaluate the credibility of the respective lay witnesses. The evidence
presented did not in fact conflict, and it was the exclusive role of the ALJ to
resolve the conflict. Accordingly, we find no error in the ALJ's credibility
determination. Based on the ALJ's resolution of the evidentiary conflicts
and the credibility determination, the evidence supports the
compensability award.

**CONCLUSION**

¶18        For the foregoing reasons, we affirm the award.

